SARAH HALLMAN *v.* MONROE DELLINGER.

*Surety and Principal—Pros. Bond.*

A surety on a prosecution bond is not liable to his principal for costs. (Remarks of RUFFIN, J., on the condition in the bond in this case as affecting the liability of plaintiff and her surety to defendant for his costs.)

CLAIM and DELIVERY tried at Fall Term, 1880, of LINCOLN Superior Court, before *Seymour, J.*

On the 15th of October, 1877, the plaintiff brought her action of claim and delivery for a horse, in the court of a justice of the peace, against the defendant, and at the same time gave a bond with one Jacob Kiser as her surety, in which they acknowledged themselves bound in the sum of one hundred dollars to the defendant, "for the prosecution of the action and for the return of the property, if the return

1

be adjudged, and for the payment of such sum as may be for any cause recovered against the plaintiff."

The justice issued his order to the sheriff for the seizure of the property and its delivery to the plaintiff, but the defendant giving a delivery bond, he was allowed to retain it until the trial before the justice on the 18th of the month, when the plaintiff had a judgment and the defendant appealed."

In the superior court at fall term, 1878, the defendant moved to dismiss the plaintiff's action, because of a defect in her original affidavit, and the plaintiff asked to amend, and was allowed to do so " upon payment of the costs up to and including said term." At the same term the action was tried by a jury who found all issues in favor of the plaintiff, and thereupon the court gave her judgment for the delivery of the horse, and in default thereof, for double its value, and for " the costs of the action accruing after the day of trial."

The case was dropped from the docket of the court, and no further action taken until the 27th of October, 1879, when a notice signed by W. M. Reinhardt as clerk of Lincoln superior court was served on Jacob Kiser (the appellant here) that a motion would be made at the next term in the case of *Hallman* v. *Dellinger*, " to enter judgment against him on the prosecution bond for the amount of the costs in said action against the plaintiff." Accordingly, at spring term, 1880, such a motion was made and continued until fall term, when it was adjudged that *the plaintiff*, Sarah Hallman, recover of the said Kiser the sum of fifteen dollars and seventy-six cents, the court costs, and the further sum of sixteen dollars, the amount of fees due the defendant's witnesses, together with the costs of the motion to be taxed by the clerk. From this judgment, Jacob Kiser appealed.

*Mr. B. C. Cobb*, for appellant.
No counsel *contra*.

RUFFIN, J.  It will be seen from the facts that the only bond executed by the appellant, Kiser, was one to the defendant, Dellinger, as surety of the plaintiff, and surely he cannot be liable thereon to his principal for anything. We cannot gather certainly whether the plaintiff, in order to get the amendment asked for, actually paid the costs that had accrued up to the trial; though, as the amendment was allowed *only upon the condition* that she did pay them, and as the transcript shows there was a trial at the very same term which resulted favorably to her, the most natural infer- ence would be that she immediately paid the amount she was adjudged to pay, made the desired amendment, and went to trial.  If this be so, then certainly she can have no recourse upon her surety.  Or if it be that she has not paid, but is only liable by reason of the judgment against her, then it is equally clear that she can have no claim to be indemnified by him.  So that, in no point of view can she, the plaintiff and principal on the bond, have any relief against her surety.

We do not go with the counsel of the appellant to the full extent of his argument, which if we apprehend him correctly was, that inasmuch as the bond executed by his client was given for the prosecution of the plaintiff's action against the defendant, and the transcript showed that it had been successfully prosecuted, there had been no breach thereof, and therefore he could not be liable for the costs which his principal was required to pay during the pro- gress of the action, as the price of an amendment, the effect of which amendment was to enable her to conduct her action to successful issue.

True it is, that the bond was in part what is known as a "prosecution bond," but it had a further condition and bound his principal and himself to pay to the defendant "such sum as may be for any cause recovered against the plaintiff in the action," thus embracing in its very terms

the defendant's costs, whether for witnesses or for the services of officers of the court incurred up to the moment of the trial. So that if the cause were here in such a shape as to permit it, we should have no hesitation in determining that the plaintiff and the appellant are both liable to the defendant for all *his* costs : but that in no event is he liable for any part of the plaintiff's costs, not even for services rendered her by the officers, commonly known as "court costs."

From the well known care with which His Honor below investigates causes that come before him, and his usual accuracy, we very much suspect that the case presented to us differs materially from the one considered and determined by him ; but there being no suggestion of any imperfection in either the record or the case, we are constrained to consider it as it is.

Let this be certified to the superior court of Lincoln to the end that the costs of the court below may be retaxed in accordance therewith.

Error.                                                 Reversed.