On 12 July, 1889, plaintiff brought suit against defendants, returnable to Fall Term of Swain Superior Court. In this action *Page 514 
R. L. Cooper became plaintiff's surety for the prosecution of his suit. Plaintiff filed his complaint and defendants filed their answer in which they set up a counterclaim to plaintiff's action. At Fall Term, 1891, plaintiff recovered judgment against defendants for the sum of $2,445, and cost of action.
But this trial did not dispose of defendants' counterclaim and the case was retained on the docket until that could be disposed of, and execution of plaintiff's judgment was stayed until that was done. Afterwards (but it does not appear at what time) plaintiff and defendants agreed to refer the matters involved in defendants' counterclaim to Mr. Newby. But it does not appear that he ever took the account.
Sometime after this plaintiff and defendants agreed upon terms of compromise as to defendants' counterclaim in which defendants were to pay into court the sum of $1,650, and to release any further claim they might have on account of said counterclaim, and plaintiff (873) agreed to accept the $1,650 in full satisfaction of his said judgment and plaintiff also agreed in this compromise to pay all unpaid cost.
It appears from the findings of the judge at Fall Term, 1894, that there remains $29.20 due Jenkins and Franks as witnesses, and $25 allowed Mr. Newby as referee, still unpaid. The sum agreed upon — $1,650 — was paid into court, but at what time this was done does not appear.
The matter stood this way until Fall Term, 1894, when defendants made a motion to retax the cost that had been taxed against defendants under the judgment of 1891, and to tax them against the plaintiff and the said R. L. Cooper, his surety on the prosecution bond. This motion was resisted by Cooper, but allowed by the court, and judgment being so entered against said Cooper he appealed to this Court. Then, leaving out of view the question of time (the motion being made more than one year after the judgment at Fall Term, 1891), can the judgment of the court appealed from be sustained?
Section 209 of The Code requires that, before a clerk shall issue a summons, he shall take from the plaintiff a bond in the sum of $200, upon condition "that the same shall be void if the plaintiff shall pay the defendant all such cost as the defendant shall recover of him, in the action."
In contemplation of law, the parties pay the cost of litigation as the action proceeds, and this bond is given, it is true, entirely for the benefit of defendants. The surety is not bound for plaintiff's cost.Hallman v. Dellinger, 84 N.C. 1.
But the condition of the bond is to pay the defendant such cost as he shall recover of plaintiff "in the action." Then, if defendants did not *Page 515 
recover of plaintiff any cost "in the action," the surety is not bound. And we see that in this case the plaintiff recovered of defendants $2,445, and the cost of action. This amount, it is true, was reduced to $1,650, by way of compromise and agreement of the parties, in which agreement the plaintiff agreed to pay certain costs. And as he (874) agreed to do so, he ought to pay it. But this agreement to pay this cost does not bind Cooper. He was no party to this agreement. The defendant did not recover this cost in the action and Cooper is not bound for any cost except such as defendants "recovered in this action," and he recovered none.
Attorneys for defendants contend in their brief that this is a matter of discretion in the court below from which there is no appeal, and cite as authority for this position the case of S. v. Massey, 104 N.C. 877. But that case is under section 733 of The Code and has no application to this case, and can in no way be authority for the position taken.
It is also contended in the brief that no notice of appeal was given, and that the case on appeal was not served within ten days. But the facts, as they appear from the record, are otherwise.
It is also contended in the brief that we are bound by the facts found by the court below. We recognize this as the law, and decide the law of the case upon the facts as we find them in the record.
Cooper, though not a party to the original action, was made a party to this proceeding, and had a right to appeal. We therefore hold that Cooper is not liable for this cost and that the judgment appealed from is erroneous.
Error.
Cited: Dale v. Presnell, 119 N.C. 493.
(875)