ELIZABETH PRICE ROYAL, ADMINISTRATRIX OF LEON ERNEST ROYAL, JR., v. EVELYN LOUISE McCLURE, ERNEST R. MITCHELL AND WIFE, MRS. ERNEST R. MITCHELL, CARL S. LENNON, B. S. LENNON, L. D. MARKS, MRS. J. M. SAULS, ESMER E. WARD, AND HENRY NANCE.

(Filed 23 May, 1956.)

1. Pleadings § 15—

A demurrer does not admit the conclusions of law of the pleader.

**2. Automobiles § 14—**

The statutory proscription against following too closely a vehicle traveling in the same direction has no application to the distance between vehicles stopping one behind the other on the highway.   G.S. 20-152.

**3. Automobiles § 9—**

The stopping of a car behind another car, which had stopped on the highway because heavy smoke and fog had impaired or destroyed vision, is a temporary stop because of exigencies of travel, and G.S. 20-161 has no application thereto.

**4. Same—**

Where a line of cars traveling in the same direction stop successively one behind the other because smoke and fog had obscured visibility, the drivers so stopping are not under duty to anticipate that the drivers of other cars overtaking them would so operate their cars that they could not stop.

**5. Automobiles § 35—Complaint held insufficient to allege actionable negligence in stopping on highway.**

The complaint alleged that seven automobiles were traveling in the same direction upon the highway, that the first five cars stopped one behind the other because smoke and fog had obscured visibility, that the sixth car, in which plaintiff's intestate was a passenger, collided with the rear of the fifth car and that the seventh car immediately thereafter collided with the rear of the sixth car. *Held:* Demurrers of the drivers of the fourth and fifth cars were properly allowed, since upon the facts alleged, they had operated their cars in a lawful manner, kept them under control, and had stopped them on the highway in accordance with the exigencies of travel.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nimocks, J.,* March Term, 1956, COLUMBUS.

Action by administratrix to recover damages for wrongful death of her intestate, allegedly caused by the joint and concurring negligence of defendants.

Defendants Marks and Sauls, the only defendants who are parties to this appeal, filed separate demurrers to the complaint.   Each assigned as ground for demurrer the failure of plaintiff to allege facts sufficient to constitute a cause of action against such defendant.

The allegations of the complaint, pertinent to this appeal, are set out below.

1. Seven automobiles were headed east on U. S. Highway #74 in this order:  (1) the McClure car;  (2) the Mitchell car;  (3) the Lennon car; (4) the Marks car;  (5) the Sauls car;  (6) the Ward car, in which plaintiff's intestate was a passenger;  and  (7) the Nance car.

2. "6. That on or about April 2, 1955, at about 7:30 a.m. at a point one-fourth mile West of Lake Waccamaw, North Carolina, on U. S.

Highway No. 74, a heavy smoke and fog, resulting from nearby forest fires, greatly impaired or destroyed vision on said highway."

3. "8. That notwithstanding the hazardous conditions then and there existing, and particularly the fact that vision was greatly obstructed and impaired and at points altogether destroyed because of said smoke and fog which had descended on and about said highway, the defendants Evelyn Louise McClure, Ernest R. Mitchell, Carl S. Lennon, L. D. Marks and Mrs. J. M. Sauls negligently and carelessly continued to drive said automobiles in the said smoke and fog for some distance; that said defendant Evelyn Louise McClure, after driving for some distance in said smoke and fog, stopped her automobile and in succession and immediately behind each other said Ernest R. Mitchell, Carl S. Lennon, L. D. Marks, and Mrs. J. M. Sauls, respectively, stopped the vehicles which they were driving on said highway notwithstanding that there was ample room on the shoulders of said highway for parking said vehicles."

4. "9. That immediately thereafter the said Carl Eugene Ward, now deceased, drove the vehicle owned by the defendant, Esmer E. Ward, in which automobile plaintiff's intestate, Leon Ernest Royal, Jr. was a passenger, at a dangerous rate of speed into said smoke and fog and collided with the rear automobile parked on said highway as aforesaid, it being a 1954 DeSoto Sedan owned and operated by the defendant Mrs. J. M. Sauls; that immediately thereafter the defendant Henry Nance, driving his own 1951 Hudson automobile as aforesaid, drove his said vehicle at a high, dangerous and excessive rate of speed into said smoke and fog and collided with said automobile in which plaintiff's intestate was a passenger."

5. "10. That as the direct and proximate cause of the negligence and carelessness of the drivers of each of said vehicles as hereinbefore set forth and as will hereinafter appear more fully, all of which acts of negligence were joint and concurring, the automobile in which plaintiff's intestate was a passenger was badly smashed, bent and twisted and was totally destroyed and plaintiff's intestate was thereupon killed."

6. As to each of defendants Marks and Sauls, plaintiff makes these further identical allegations of negligence: "The defendant L. D. Marks (Mrs. J. M. Sauls) drove his (her) said automobile from a place of safety on said highway into a place in which he (she) had little or no vision in disregard of his (her) own safety and the safety of others, and without keeping a proper lookout or having same under proper control." Again: "Said L. D. Marks (Mrs. J. M. Sauls) parked his (her) said automobile on the highway notwithstanding that there was sufficient room on the shoulder of said highway for the parking of said automobile in violation of the Statutes of North Carolina."

From judgment sustaining said demurrers, plaintiff excepted and appealed.

*Powell & Powell and L. J. Britt for plaintiff, appellant.*
*Varser, McIntyre & Henry for defendant L. D. Marks, appellee.*
*Ellis E. Page for defendant Mrs. J. M. Sauls, appellee.*

BOBBITT, J.   Only the relevant facts alleged by plaintiff are to be considered.  *Pressly v. Walker,* 238 N.C. 732, 78 S.E. 2d 920.

No reason is alleged as to why the McClure car (first in line) stopped. The driver may have reached one of those (alleged) "points" where her vision was "altogether destroyed."   However that may be, whether she was negligent in so stopping under the facts alleged is not before us on this appeal.

When the McClure car stopped, the other drivers (Mitchell, Lennon, Marks, Sauls) had only two alternatives, either to stop or to collide with the car immediately ahead.   In stopping, it would seem (1) that they made the wise choice, and (2) that they were cautious and alert in their manner of driving.

As to appellees, there is no allegation that either of them followed the car ahead more closely than was reasonable and prudent.   The allegation is that each *stopped* immediately behind such car.   G.S. 20-152 has no bearing.   There is no prescribed distance within which one car must *stop* behind another stopped car.   Moreover, the fact that these cars stopped in succession, one immediately behind the other, has no causal relation to collisions occurring when the Ward car crashed into the Sauls car and when the Nance car crashed into the Ward car. It is noted that there is no allegation that the Marks car was struck by or collided with any other car.

Appellant contends that *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32, is authority for her position, "especially in regard to" defendant Sauls.   The cited case is readily distinguishable.   There the facts alleged, *inter alia,* were that an unlighted truck, on which there was a pipe extending 9 feet and 3 inches beyond the end of the truck body, had been *parked* for the night in the darkness, shortly before 6:00 p.m. on the 3rd of December, near the bottom of a dip on a city street.

While plaintiff alleges that appellees parked their cars on the highway, the facts alleged disclose that appellees stopped their cars on the highway to avoid collision with the cars immediately ahead.   G.S. 20-161 has no reference to "a mere temporary stop for a necessary purpose when there is no intent to break the continuity of the 'travel.'" *Barnhill, J.* (now *C. J.*), in *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d

147. See *Skinner v. Evans,* 243 N.C. 760, 92 S.E. 2d 209, in which *Winborne, J.,* cites earlier cases.

Appellees, under plaintiff's allegations, did not park but stopped temporarily for a necessary purpose, with no intent to break the continuity of their travel. *Immediately* after they stopped, so plaintiff alleges, the Ward car, being operated "at a dangerous rate of speed into said smoke and fog," collided with the Sauls car; and *immediately* thereafter the Nance car, being operated "at a high, dangerous and excessive rate of speed into said smoke and fog," collided with the Ward car. Under these circumstances, it does not appear that appellees had time to park on the shoulder if they had attempted to do so. Moreover, assuming the shoulder of the road afforded ample space for parking, if appellees were required to stop at one of those (alleged) "points" where their vision was "altogether destroyed" they could have seen the shoulder no better than the road, if as well.

Under a well established rule, appellees were under no duty to anticipate that the drivers of other cars overtaking them would so operate their cars that they could not stop them after they observed or should have observed the presence of appellees' cars on the highway. *Skinner v. Evans, supra.* Indeed, it would seem reasonable that appellees should anticipate that such drivers would do as they had done, that is, drive with the same care and caution they had exercised.

Appellant emphasizes the allegations that each appellee drove from a place of safety on said highway into a place in which he had little or no vision in disregard of his own safety and the safety of others. But the facts alleged are that appellees drove "for some distance" upon that portion of the highway affected by the smoke and fog; and that, in doing so, they were able to see the cars ahead sufficiently to enable them, by keeping a proper lookout and by keeping their cars under proper control, to stop when necessary without collision or injury to others on the highway.

The facts alleged fail to disclose that appellees proceeded otherwise than in a slow and careful manner. When the car in front stopped, each appellee stopped. Their actions reflect close observations and careful driving. The presence of their cars on the highway, operated in a lawful manner, under control, on the right and proper side of the highway, and stopping when occasion required, must be regarded as circumstances of the ensuing collisions rather than as a proximate cause thereof. *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383, and cases cited.

We refrain from discussing questions relating to the negligence of defendants who are not parties to this appeal. Suffice it to say, the allegations of fact made by plaintiff, liberally construed in her favor,

are insufficient to state a cause of action for actionable negligence as to defendants Marks and Sauls. Hence, the judgment sustaining their demurrers is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.