INVESTMENT PROPERTIES OF ASHEVILLE, INC. AND BAXTER H. TAYLOR v. CHARLES S. NORBURN

No. 54

(Filed 10 May 1972)

1. Guaranty— guaranty of payment

A guaranty of payment is an absolute promise by the guarantor to pay a debt at maturity if it is not paid by the principal debtor; this obligation is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity.

2. Guaranty— guaranty of payment

Language of a guaranty signed by defendant creating an unconditional promise to pay either in cash or by deeding 734 acres of land

for the actual cost of land preparation of property owned by defendant's sister in case a lease of the property to plaintiff corporation was not continued after a specified date constituted a guaranty of payment.

**3. Contracts § 4— consideration**

In order for a contract to be enforceable it must be supported by consideration.

**4. Contracts § 4— consideration — forbearance to exercise legal rights — benefit to third person**

Forbearance to exercise legal rights is sufficient consideration for a promise given to secure such forbearance even though the forbearance is for a third party rather than for the promisor.

**5. Contracts § 4; Guaranty— guaranty contract — consideration — benefit to principal debtor**

A consideration moving directly to the guarantor is not essential in a guaranty contract, but the promise is enforceable if a benefit to the principal debtor is shown or if detriment or inconvenience to the promisee is disclosed.

**6. Rules of Civil Procedure § 51; Trial § 33— application of law to evidence**

It is the duty of the court, without a request for special instructions, to explain the law and to apply it to the evidence on all substantial features of the case, and a failure to do so constitutes prejudicial error. G.S. 1A-1, Rule 51.

**7. Contracts § 28; Guaranty— sufficiency of consideration — instructions**

In this action to recover on defendant's guaranty of payment of the cost of grading and preparation of land owned by defendant's sister, the trial court erred (1) in giving the jury instructions subject to the construction that it was necessary for defendant to have received something of value himself in order to provide the legal consideration sufficient to support the contract of guaranty, and (2) in failing to instruct the jury that the contract of guaranty was supported by sufficient consideration if, by reason of the guaranty, defendant's sister received benefits from plaintiffs by their furnishing additional work on her property, or plaintiffs had additional work done on the property and thereby incurred added expense.

APPEAL by plaintiffs from the decision of the Court of Appeals reported in 13 N.C. App. 410, 185 S.E. 2d 710 (1972), which found no error in the trial before *Martin, J.,* at the 1 March 1971 Civil Session of BUNCOMBE Superior Court.

On 10 May 1965 Martha Norburn Mead Allen, sister of defendant, Dr. Charles S. Norburn, leased to plaintiff Investment Properties of Asheville, Inc., a tract of land owned by her in Buncombe County, North Carolina. The lease provided

that the lessee should have complete control in grading, re-shaping, and developing the land, as well as full responsibility for listing and paying taxes, etc.

Plaintiffs' evidence tends to show that when plaintiffs attempted to obtain financing for the construction of a motel on this property, it was found that the lease was not in sufficient legal form to permit such financing. Negotiations were then carried on between Dr. Logan Robertson, Vice President of plaintiff Investment Properties of Asheville, Inc., and defendant Norburn, looking to the execution of a lease which would support financing on a long-term basis. In July of 1965 Robertson and defendant Norburn met and discussed the deficiencies in the 10 May 1965 lease, and according to the testimony of Robertson it was agreed that this lease be rescinded. Defendant Norburn denied that there was such an agreement.

Plaintiff Baxter H. Taylor was a partner or co-venturer with Investment Properties of Asheville, Inc., as to the leased property. Taylor was also the sole owner of Asheville Contracting Company, which was engaged in heavy dirt moving and construction projects, and at the time engaged in grading for a section of Highway I-40 near the Allen property. While negotiations with reference to another lease were being conducted, Asheville Contracting Company, at the request of Taylor and Investment Properties of Asheville, Inc., started grading the leased property for the construction of a motel. On 17 June 1965 Robertson stated to defendant Norburn that the grading on this property had reached such a point that the machinery might have to be removed if a satisfactory lease could not be obtained. To prevent this, defendant entered into a written agreement with plaintiffs as follows:

"Asheville, N. C.
June 17, 1965

"To
"Dr. Logan Robertson

"This is to certify that I will stand personally liable as stated below for the Conduit grading and necessary expenses (at actual cost) for the land preparation of the Acton property now owned by Martha Mead Allen, in case the lease is not continued after June 1, 1966.

"I promise to pay in cash for this or else deed to you the 734 acre tract in Ashe County which is and will be free and clear.

Charles S. Norburn"

Following the execution of this agreement, the Asheville Contracting Company continued to work on the Allen tract. Most of the grading on the property had been completed prior to 12 June 1965, but some additional leveling was done and the banks of the property were fertilized and seeded after that date.

Plaintiffs and Allen were never able to agree on a new lease although various lawyers were consulted, numerous leases considered, and negotiations continued for a long period following the conclusion of the grading work. On 13 October 1967 Allen finally leased the property to West Side Motel Company, Inc., which Company erected a Holiday Inn thereon.

Plaintiffs' evidence tends to show that the actual cost of grading the property was $19,456.88. Demand for payment was made by plaintiffs on Allen and on Norburn. Both refused to pay. Plaintiffs gave Asheville Contracting Company their note for that amount and instituted this action to recover this amount on the written contract of guaranty given by defendant Norburn. Plaintiffs at the same time instituted an action for the same amount against Allen (see *Investment Properties v. Allen*, 281 N.C. 174, 188 S.E. 2d 441 (1972)) alleging that defendant Norburn acted as Allen's agent in the various transactions concerning the lease with the plaintiffs, including the agreement to pay the actual cost of the grading and improvement of the leased property.

By consent the cases were consolidated for trial. On issues submitted and answered in favor of the plaintiffs, judgment was entered against Allen for $19,456.88, the cost of the grading. In the case against defendant Norburn, the jury found that the defendant did not receive a valuable consideration from plaintiffs for the execution and delivery of the written guaranty. From judgment on the verdict that plaintiffs recover nothing against defendant Norburn, plaintiffs appealed to the Court of Appeals. That court, with Judge Vaughn dissenting, found no error. Plaintiffs appealed to the Supreme Court as of right under G.S. 7A-30(2).

*Bennett, Kelly & Long by Harold K. Bennett for plaintiff appellants.*

*Williams, Morris & Golding by James F. Blue, III, for defendant appellee.*

MOORE, Justice.

Plaintiffs allege that defendant Norburn is liable for the actual cost of the grading and seeding done on Allen's property by reason of the guaranty agreement executed by Norburn. Defendant Norburn alleges that this guaranty agreement was not based on a legal consideration and contends that the jury correctly found that the defendant did not receive a valuable consideration from plaintiffs for the execution and delivery of this guaranty.

[1, 2] A guaranty of payment is an absolute promise by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity. *Milling Co. v. Wallace,* 242 N.C. 686, 89 S.E. 2d 413 (1955). The language in the guaranty signed by defendant Norburn created an unconditional promise to pay in cash for the actual cost of the land preparation of Allen's property in case the lease (of 10 May 1965) was not continued after 1 June 1966, or in lieu of cash to deed to Robertson 734 acres of land in Ashe County. This language was sufficient to constitute a guaranty of payment. *Credit Corp. v. Wilson,* 281 N.C. 140, 187 S.E. 2d 752 (1972).

The jury found that the lease in question was not continued after 1 June 1966, and, in accordance with a peremptory instruction, further found that the guaranty agreement was executed by defendant. The determinative issue then is: Did defendant Norburn receive valuable consideration from the plaintiffs for the execution and delivery of this guaranty agreement?

[3] It is well-settled law in this State that in order for a contract to be enforceable it must be supported by consideration. A mere promise, without more, is unenforceable. *Scott v. Foppe,* 247 N.C. 67, 100 S.E. 2d 238 (1957); *Jordan v. Maynard,* 231

N.C. 101, 56 S.E. 2d 26 (1949) ; *Stonestreet v. Oil Co.*, 226 N.C. 261, 37 S.E. 2d 676 (1946) ; 2 Strong, N. C. Index 2d, Contracts § 4. As a general rule, consideration consists of some benefit or advantage to the promisor or some loss or detriment to the promisee. However, as stated by Chief Justice Stacy in *Stonestreet v. Oil Co., supra:*

" . . . It has been held that 'there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.' 17 C.J.S. 426; *Spencer v. Bynum*, 169 N.C. 119, 85 S.E. 216; *Basketeria Stores v. Indemnity Co.*, 204 N.C. 537, 168 S.E. 822; *Grubb v. Motor Co.*, 209 N.C. 88, 182 S.E. 730, and cases cited."

[4, 5] It is not necessary that the promisor receive consideration or something of value himself in order to provide the legal consideration sufficient to support a contract. Forbearance to exercise legal rights is sufficient consideration for a promise given to secure such forbearance even though the forbearance is for a third person rather than that of the promisor. *Myers v. Allsbrook*, 229 N.C. 786, 51 S.E. 2d 629 (1949). In a guaranty contract, a consideration moving directly to the guarantor is not essential. The promise is enforceable if a benefit to the principal debtor is shown or if detriment or inconvenience to the promisee is disclosed. 38 Am. Jur. 2d, Guaranty § 43, p. 1046.

In *Cowan v. Roberts*, 134 N.C. 415, 46 S.E. 979 (1904), this Court held that a promise to pay for goods delivered to the principal was sufficient consideration to support the contract of guaranty. The guaranty in that case was as follows:

"Knoxville, Tenn., 8 April, 1899

"I hereby guarantee to Cowan, McClung & Co., any debts which Roberts Bros. now owe, or may owe in the future, to the extent of two thousand dollars. This obligation to remain in full force until the debt now due Cowan, McClung & Co. is fully discharged and this agreement annulled in writing.

W. S. Roberts."

Although W. S. Roberts received nothing of value, the Court held the delivery of merchandise to Roberts Bros. by Cowan, McClung & Co., by reason of this guaranty, was sufficient consideration to hold the guarantor, W. S. Roberts, liable for the amount owed at the time of the guaranty, and for merchandise delivered to Roberts Bros. after the guaranty was executed.

In the case before us plaintiffs assign as error the failure of the trial court to instruct the jury that the contract of guaranty given by defendant Norburn was supported by sufficient legal consideration if a third party, Allen, received benefits from the plaintiffs by their furnishing additional services of benefit to her property, and that it was not necessary for the defendant Norburn to receive consideration or something of value himself in order to provide the legal consideration sufficient to support the contract of guaranty. This assignment is well taken.

[6] G.S. 1-180, as now incorporated in G.S. 1A-1, Rule 51, required the judge to explain and apply the law to the specific facts pertinent to the issue involved. A mere declaration of the law in general terms was not sufficient to meet the requirements of the statute. *Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19 (1966). It is the duty of the court, without a request for special instructions, to explain the law and to apply it to the evidence on all substantial features of the case. *Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396 (1962). A failure to do so constitutes prejudicial error for which the aggrieved party is entitled to a new trial. *Correll v. Gaskins,* 263 N.C. 212, 139 S.E. 2d 202 (1964).

[7] The court in the charge to the jury in this case correctly stated: "There must be a sufficient consideration in order to support a contract or legal agreement. Any benefit, right or interest accruing to the one who makes the promise or guaranty, or any forbearance, detriment or loss suffered or undertaken by one to whom the promise for guaranty is made is a sufficient consideration to support such guaranty or contract." Thereafter, the court charged the jury: "I charge you that if the plaintiffs have satisfied you by the greater weight of the evidence that the defendant Norburn received a valuable consideration for the execution and delivery of the guaranty it will be your duty to answer the issue 'Yes.' If the plaintiffs have failed to so satisfy you it would be your duty to answer the issue 'No.' " Under this charge the jury might well have understood that they

were required to find that defendant Norburn himself received a valuable consideration to support his guaranty. In view of the facts in this case, this was too restrictive.

The jury should also have been instructed that if, by reason of the guaranty signed by defendant Norburn, Allen received benefits from the plaintiffs by their furnishing additional work on her property, including fertilizing, seeding, and additional leveling, or if Asheville Contracting Company, at the request of plaintiffs, did additional work upon the Allen property and thereby incurred added expense by reason of this guaranty, either would be sufficient legal consideration to support such guaranty.

The failure to so charge the jury is error for which plaintiffs are entitled to a new trial. The other assignments of error are not considered since they may not recur at the next trial.

New trial.