PINKNEY LECK HARRIS v. JAMES DANIEL BRIDGES, B & P MOTOR
LINES, INC. AND MICHAEL EDWARD VAUGHN

No. 8127SC1251

(Filed 19 October 1982)

**Rules of Civil Procedure § 15.2; Automobiles and Other Vehicles § 90.5— speed-
ing—issue tried by implied consent—failure to instruct**

Where evidence of defendant's speeding in excess of 65 miles per hour
was admitted at trial over defendant's general objection, and no objection was
made to such evidence on the ground that it was outside the issues raised by
the pleadings, the issue of speeding was tried by the implied consent of the
parties, and the trial court erred in failing to instruct the jury that speeding in
excess of 55 miles per hour is a violation of G.S. 20-141(b) and is negligence *per
se.* G.S. 1A-1, Rule 51(a).

APPEAL by plaintiff from *Burroughs, Judge.* Judgment
entered 11 June 1982 in Superior Court, GASTON County. Heard
in the Court of Appeals 14 September 1982.

This case arises from an automobile accident which occurred
on 3 April 1977. Plaintiff, Pinkney Leck Harris, was a passenger
in a car driven by defendant, Michael Edward Vaughn. It was
foggy, and a misty rain was falling as they drove along Highway
150 at approximately 1:50 a.m. They collided with a tractor-trailer
truck driven by James Daniel Bridges, as the truck was making a
left turn onto Highway 150.

The case was first tried in Superior Court in Gaston County.
The jury found that only defendant Vaughn was negligent, but
found no damages. The court ordered a new trial. Plaintiff and
defendant Vaughn appealed to this Court. We affirmed, holding
that the trial court acted within its discretion in ordering a new
trial when the verdict on damages was inconsistent. 46 N.C. App.
207, 264 S.E. 2d 804, *review denied,* 300 N.C. 556, 270 S.E. 2d 107
(1980).

At the second trial, former defendant Bridges testified by
deposition. He said that after he started turning onto Highway
150, he saw the lights of defendant's car about four-tenths of a
mile away. He first saw the car when it was approximately three-
tenths of a mile away, and he accelerated from five to seven miles
per hour. He had almost completed his turn, but the rear wheels
of the trailer were still in the left lane, when defendant's car hit

his truck. He said that about ten seconds elapsed from the time he saw defendant's headlights to the time of impact. He estimated that defendant's car was traveling at sixty-five or seventy miles per hour.

Plaintiff testified that at 8:00 p.m., on 2 April 1977, he, the defendant, and a friend drove to a club in South Carolina. The club was closed, so they bought a case of beer at a convenience store and drove to the Broad River. While they socialized with some other college students there, he drank five beers and saw defendant drink one. When they left the Broad River, at about 1:30 a.m., defendant was driving "all right." Plaintiff testified that he remembered seeing some lights but did not remember the impact. He regained consciousness in an ambulance. Plaintiff offered evidence as to his injuries and medical expenses in the amount of $5,717.06.

After all the evidence was presented, plaintiff moved to amend his complaint to conform with the evidence to allege speed in excess of the posted speed limit. The motion was denied.

The jury returned a verdict in favor of defendant. Plaintiff appealed.

*Frank Patton Cooke, by James R. Carpenter, for plaintiff appellant.*

*Hollowell, Stott, Hollowell, Palmer and Windham, by Grady B. Stott, for defendant appellee.*

VAUGHN, Judge.

Plaintiff's first assignment of error is in two parts. Plaintiff argues first that the trial court committed prejudicial error by denying plaintiff's motion to amend to conform to the evidence. Although the amendment should have been allowed, denial of the motion does not affect the result we must reach on the appeal. According to G.S. 1A-1, Rule 15(b):

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to

raise these issues may be made upon motion of any party at any time, either before or after judgment, *but failure to so amend does not affect the result of the trial of these issues.* (Emphasis added.)

The comment to the statute states that Rule 15(b) deliberately abandons the old code prohibitions against variance between the pleadings and the evidence. Instead, it "lays down a directive based directly upon the truly legitimate policy consideration which should control amendment privilege here, namely, whether, notwithstanding variance of some degree, there has nevertheless been informed consent to try the issues on the evidence presented."

Rule 15(b) was discussed in *Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972). In that case, plaintiffs did not specifically allege fraud in their complaint, but they introduced evidence of fraud at trial. The trial court refused to allow them to amend their complaint to comply with G.S. 1A-1, Rule 9(b). The Supreme Court said:

> [W]here no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, the issue raised by the evidence is nevertheless before the trial court for determination. . . . Failure to make the amendment will not jeopardize a verdict or judgment based upon competent evidence. If an amendment to conform the pleadings to the proof should have been made in order to support the judgment, the Appellate Court will presume it to have been made. However, amendments should always be freely allowed unless some material prejudice is demonstrated. . . .

*Mangum v. Surles*, 281 N.C. at 98-99, 187 S.E. 2d at 701-702.

Since the evidence of defendant's speeding in excess of sixty-five miles per hour was admitted at trial, and opposing counsel's general objection was overruled, the issue of speeding was tried by the implied consent of the parties. As was stated in 1972 North Carolina Case Law Survey, 51 N.C.L. Rev. 989, 1008 (1973):

> If opposing counsel fails to object on the proper grounds, a presumption will arise that consent is given to the broadened scope of the trial. Under this presumption all issues raised will be treated as if they were in the pleadings. Professor

Moore confirms what the language of 15(b) implies: "Rule 15(b) is not permissive in terms; it provides that issues tried by express or implied consent *shall* be treated as if raised in the pleadings."

Once the evidence of speeding was admitted at trial, it became an important factor of the negligence issue. Plaintiff argues that the trial court should have instructed the jury that speeding in excess of fifty-five miles per hour is a violation of G.S. 20-141(b) and is negligence *per se*. We agree.

The court has the duty to charge the jury on the law on the substantial features of the case arising on the evidence and to apply the law to the various factual situations presented by the conflicting evidence. *Faeber v. E.C.T. Corporation,* 16 N.C. App. 429, 192 S.E. 2d 1 (1972). "In charging the jury in any action governed by these rules, . . . [the judge] shall declare and explain the law arising on the evidence given in the case." G.S. 1A-1, Rule 51(a).

There was evidence that defendant was driving faster than fifty-five miles per hour. James Daniel Bridges testified that he thought defendant's car was going "sixty-five, seventy, maybe better." The evidence indicated a violation of G.S. 20-141(b) and constitutes negligence *per se* although such negligence is not actionable unless it is the proximate cause of the injuries complained of. *Davis v. Imes,* 13 N.C. App. 521, 186 S.E. 2d 641 (1972).

The judge mentioned Mr. Bridges' testimony in summarizing the evidence, but he should have also explained to the jury that speeding in excess of fifty-five miles per hour is a violation of G.S. 20-141(b), and that it is negligence *per se*. This was not done.

Defendant supports his contention that the trial judge properly charged the jury on the evidence of speeding with the following excerpts from the trial judge's charge: "I instruct you that the violation of a statute or motor vehicle traffic law enacted for the public safety is negligence within itself unless the statute provides to the contrary." The judge stated that plaintiff was contending that defendant was negligent by one or both of the following: "(1) Failed to keep a proper lookout; (2) Drove at a speed greater than was reasonable and prudent under the circumstances then existing."

The judge continued: "Considering all such circumstances, a rate of speed may be unreasonably [*sic*] and imprudent even though it is within the maximum speed limit at the place in question." Defendant argues that since the implication of the trial court's instructions is that a rate of speed above the maximum speed limit is presumptively unreasonable and imprudent, there was no prejudice in the trial court's instructions. We do not agree. The judge's duty is not to charge the jury by implication, but to "declare and explain the law arising on the evidence given in the case." G.S. 1A-1, Rule 51(a). The judge's instructions were not based on G.S. 20-141(b), but were based on G.S. 20-141(a): "No person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing."

Since the jury received incorrect instructions, they had to decide how fast defendant was driving, and then decide if it was unreasonable. Had the correct instructions been given, the jury could have simply determined whether they believed Mr. Bridges' testimony that defendant was going sixty-five or seventy miles per hour. If they believed Mr. Bridges, then they would have found negligence on the part of defendant. They would not have to decide if defendant was driving reasonably, because speeding is negligence *per se.* These are two different standards. Consequently, the judge's erroneous instruction was prejudicial error.

New trial.

Judges HEDRICK and HILL concur.