CELIA F. SCHER v. CHARLES MICHAEL ANTONUCCI AND ROSEMARY ANTONUCCI

No. 8526SC324

(Filed 19 November 1985)

**Automobiles and Other Vehicles §§ 12, 56— necessity for instruction on following too closely**

    The trial court erred in failing to instruct the jury that following too closely is a violation of G.S. 20-152A and is negligence *per se* in an action to recover damages incurred when defendant's car struck plaintiff's car from the rear as plaintiff prepared to advance through an intersection after stopping to allow a blind man who was crossing against the light to get across the street.

APPEAL by plaintiff from *Lewis, Robert D., Judge.* Judgment entered 17 May 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 October 1985.

Plaintiff was driving her car in downtown Charlotte when she stopped for a red light at a major intersection. She was behind one car at the light. When the light turned green the car in front of hers crossed through the intersection. As plaintiff approached the intersection she noticed a blind man crossing the street against the light. She stopped to allow the blind man to get across the street and then prepared to advance through the intersection. A car owned by defendant-wife and driven by defendant-husband struck her car in the rear as she prepared to advance.

Plaintiff sued for damages for personal injuries allegedly caused in the collision by defendant-husband's negligence. At the close of all the evidence she requested special instructions on following too closely, which the court denied. The court instructed that defendant-husband was required to keep a proper lookout but gave no instruction on following too closely.

The jury returned a verdict for defendants. From the judgment entered on the verdict, plaintiff appeals.

*DeLaney, Millette & McKnight, P.A., by Steven A. Hockfield, for plaintiff appellant.*

*Hedrick, Eatman, Gardner, Feerick & Kincheloe, by John F. Morris, for defendant appellees.*

WHICHARD, Judge.

Plaintiff contends the court erred by failing to instruct that following too closely is a violation of N.C. Gen. Stat. 20-152(a) and is negligence *per se.* We agree.

The trial court has a "duty . . . to explain the law and apply it to the evidence on all substantial features of the case." *Board of Transportation v. Rand,* 299 N.C. 476, 483, 263 S.E. 2d 565, 570 (1980); *see also* G.S. 1A-1, Rule 51(a); *Investment Properties v. Norburn,* 281 N.C. 191, 197, 188 S.E. 2d 342, 346 (1972). The failure to do so constitutes prejudicial error and entitles the aggrieved party to a new trial. *Board of Transportation v. Rand, supra; Clif-*

*ford v. River Bend Plantation*, 55 N.C. App. 514, 521, 286 S.E. 2d 352, 356 (1982).

N.C. Gen. Stat. 20-152(a) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent . . . ." "A violation of this section is negligence *per se*, and ordinarily the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist to the rear was not keeping a proper lookout or that he was following too closely." *Burnett v. Corbett*, 264 N.C. 341, 343, 141 S.E. 2d 468, 469 (1965). "[H]owever, the fact that a following vehicle has collided with a preceding one does not compel either of these conclusions, but instead merely raises a question for determination by the jury." *Daughtry v. Turnage*, 295 N.C. 543, 546, 246 S.E. 2d 788, 791 (1978).

Here defendant-husband admitted that his car collided with the rear of plaintiff's car. This admission "permits a legitimate inference by a jury that defendant [-husband] was following plaintiff's automobile ahead more closely than was reasonable and prudent . . ." in violation of N.C. Gen. Stat. 20-152(a). *Smith v. Rawlins*, 253 N.C. 67, 69, 116 S.E. 2d 184, 185 (1960).

Citing *Royal v. McClure*, 244 N.C. 186, 92 S.E. 2d 762 (1956), defendants contend N.C. Gen. Stat. 20-152(a) is inapplicable. In *Royal* plaintiff-administratrix sued the drivers of several cars that stopped on the highway in front of her intestate's car because of heavy smoke and fog. Plaintiff alleged that, by failing to pull off the road after stopping, defendants negligently caused the ensuing collision with her intestate's car, which did not stop in time to avoid the collision. The Supreme Court held that defendants could not be found negligent for following too closely because N.C. Gen. Stat. 20-152(a) had no application to vehicles that were stopped one behind the other on the highway. *Royal*, 244 N.C. at 189, 92 S.E. 2d at 764-65.

Here, however, defendants' car was moving when it struck the rear of plaintiff's car. The accident did not occur, as defendants maintain, while the parties were stopped for a traffic signal, but occurred as traffic began to advance after the signal changed. Plaintiff does not claim that defendant-husband was negligent because he stopped at an improper place as alleged in *Royal*. Rather, plaintiff asserts that defendant-husband was negligent

because he failed to stop a moving vehicle in time to avoid a collision. Thus, *Royal* does not control and N.C. Gen. Stat. 20-152(a) applies.

Since violation of N.C. Gen. Stat. 20-152(a) bears directly on the issue of defendant-husband's negligence, which is a substantial feature of the case, the court should have declared and explained this section in its charge to the jury. The court also should have explained that violation of this section is negligence *per se. See Harris v. Bridges*, 59 N.C. App. 195, 198, 296 S.E. 2d 299, 301 (1982). It had this duty irrespective of plaintiff's request for special instructions. *Investment Properties*, 281 N.C. at 197, 188 S.E. 2d at 346.

For the reasons stated, we award a new trial. We thus need not consider plaintiff's other argument.

New trial.

Judges EAGLES and COZORT concur.