ZORBA'S INN, INC. v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
v. STEPHEN C. EATON

No. 8821DC467

(Filed 4 April 1989)

**Insurance § 134; Uniform Commercial Code § 43— insurance on collateral—no right of secured party against insurer**

> If a secured party is not named as a loss payee or coinsured on a policy of fire insurance on the collateral, or if the security agreement does not require the debtor to obtain insurance on the collateral for the benefit of the secured party, and there has been no assignment of rights to the insurance policy, then the secured party has no right, legal or equitable, enforceable against the insurer with respect to the proceeds of the policy. N.C.G.S. § 25-9-306.

APPEAL by plaintiff from Order of *Loretta C. Biggs, Judge,* entered 21 December 1987 in FORSYTH County District Court. Heard in the Court of Appeals 2 November 1988.

*John R. Surratt, P.A., by John R. Surratt and Anita M. Yova, for plaintiff appellant.*

*Petree Stockton & Robinson, by W. Thompson Comerford, Jr., and Barbara E. Brady, for defendant appellee.*

ZORBA'S INN, INC. v. NATIONWIDE MUT. FIRE INS. CO.

[93 N.C. App. 332 (1989)]

COZORT, Judge.

The question raised by this appeal is whether a secured party under Article 9 of North Carolina's Uniform Commercial Code may maintain an action against an insurer to enforce the secured party's right to insurance proceeds as provided in N.C. Gen. Stat. § 25-9-306. We hold that, under the facts of the case before us, the secured party has no enforceable claim against the insurer. We therefore affirm the judgment below.

On or about 4 March 1986, plaintiff and third-party defendant Eaton entered into an asset purchase agreement whereby Eaton purchased from plaintiff the assets of plaintiff's restaurant business for $75,000. Of that purchase price, Eaton paid $50,000 in cash and executed a note for the remaining $25,000. To secure the loan, the parties entered into a Security Agreement granting plaintiff a security interest in the machinery, equipment, and fixtures located on the premises of the restaurant.

On 5 June 1986, defendant Nationwide Mutual Fire Insurance Company issued to "Steve C. Eaton DBA Steve's Restaurant" an insurance policy covering equipment and other personal property located in the restaurant. Plaintiff was not named a loss payee under that policy. Two months later, the restaurant was damaged by fire. Eaton thereafter defaulted on his obligations under the promissory note, thus triggering plaintiff's rights under the Security Agreement.

Plaintiff informed defendant Nationwide of plaintiff's security interest in the insured property and requested that any payments made for damages to the contents of the restaurant be made payable jointly to Eaton and plaintiff. Plaintiff's verified complaint alleges that, in return for its promise not to sue defendant, defendant agreed to include plaintiff in any payments made to Eaton under the insurance policy. However, in contravention of this alleged promise, defendant paid Eaton $7,000.00 in settlement of Eaton's claim.

Plaintiff thereafter brought the instant action for breach of contract and negligent payment. The trial court granted summary judgment in defendant's favor. We affirm.

In order to maintain an action for breach of contract, a plaintiff must show that the contract to be enforced was supported by consideration. *Investment Properties of Asheville, Inc. v. Norburn,*

281 N.C. 191, 188 S.E. 2d 342 (1972). Forbearance or a promise to forbear the exercise of a legal right is a sufficient consideration for a promise made on account of it. *Myers v. Allsbrook*, 229 N.C. 786, 51 S.E. 2d 629 (1949). However, forbearance of a right which does not exist, or a promise to refrain from doing that which the promisee cannot legally do, cannot constitute consideration. 17 C.J.S. *Contracts* § 103 (1963). Whether plaintiff's forbearance from bringing suit against defendant constituted adequate consideration thus depends on whether plaintiff had a legal or equitable right to the insurance funds which was enforceable before the funds reached the hands of the debtor.

The law governing the relationship between debtors and their secured creditors is set forth in Article 9 of Chapter 25 of our General Statutes. *See* N.C. Gen. Stat. §§ 25-9-101 *et seq.* Transactions with respect to interests in or claims under insurance policies are excluded from Article 9, *see* N.C. Gen. Stat. § 25-9-104(g), except insofar as a secured creditor's interest in collateral continues in proceeds of insurance covering that collateral. *Id.*

If a debtor and a creditor enter into a security agreement granting to the creditor a security interest in certain collateral, and if value is given and the debtor has rights in the collateral, then the creditor becomes a secured party with a security interest which is enforceable against the debtor as to that collateral. *See* N.C. Gen. Stat. §§ 25-9-203(1)(a)-(c) (1988). Once the creditor has enforceable rights against the debtor as a secured party, it is said that the secured party's interest "attaches" to the collateral. *See* § 25-9-203(2). Furthermore, unless otherwise agreed, a security agreement gives the secured party the rights to proceeds, including insurance proceeds. N.C. Gen. Stat. §§ 25-9-203(3) and 25-9-306(1).

Section 25-9-306 provides, in pertinent part, as follows:

(1) "Proceeds" includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement.

N.C. Gen. Stat. § 25-9-306 (1988). Therefore, Article 9 clearly gives the secured party a security interest in insurance proceeds which is enforceable against the debtor upon default. In other words, the secured party's interest in damaged or destroyed collateral

**ZORBA'S INN, INC. v. NATIONWIDE MUT. FIRE INS. CO.**

[93 N.C. App. 332 (1989)]

continues in the insurance proceeds payable because of that damage or loss. *See* § 25-9-306(2).

Having an enforceable security interest does not necessarily mean that a secured party has a claim against the insurer for those proceeds. The creditor's security interest in proceeds is enforceable against the debtor as soon as the proceeds are in the debtor's hands, and, if continuously perfected, that interest is superior to the claims of intervening creditors from the moment insurance is payable. *See* §§ 25-9-306(3) and 25-9-312.

If the secured party is not named as a loss payee or coinsured, or if the security agreement does not require the debtor to obtain insurance on the collateral for the benefit of the secured party, and there has been no assignment of rights to the insurance policy, then the secured party has no right, legal or equitable, enforceable against the insurer with respect to the proceeds of the policy. The mere fact that plaintiff has a security interest (and that is all the record before us will support) is insufficient to give rise to a claim against defendant under Article 9 or otherwise. Therefore, there was no consideration for defendant's alleged promise, and the trial court properly concluded that defendant was entitled to judgment as a matter of law.

For the reasons stated above, we also hold that plaintiff cannot maintain an action against defendant for negligent payment. Defendant owed no duty to plaintiff, the breach of which would give rise to an action in negligence. There is likewise no merit to plaintiff's third-party beneficiary theory.

Judgment affirmed.

Judges ARNOLD and WELLS concur.