MILDRED H. DUNCAN, PLAINTIFF v. JAMES W. DUNCAN, II AND PATSY D. PHIPPS, CO-EXECUTORS OF THE ESTATE OF PAGIE P. DUNCAN, JAMES W. DUNCAN, II, PATSY DUNCAN PHIPPS, ERNEST C. DUNCAN AND LOUISE DUNCAN MITCHUM, DEFENDANTS

No. COA00-1358

(Filed 6 November 2001)

**1. Wills— agreement not to revoke or alter—share of estate**

The trial court properly determined that plaintiff was entitled to a one-fifth interest in testator's estate based on the enforcement of an agreement between the testator and her five children not to revoke the testator's 1997 will, because: (1) in return for the testator's promise not to revoke or alter her 1997 will, her children promised to refrain from filing a caveat, objection, or

DUNCAN v. DUNCAN

[147 N.C. App. 152 (2001)]

claim against the estate; (2) this forbearance in exchange for a promise not to revoke or alter the 1997 will is sufficient consideration to enforce the agreement; and (3) the later execution of a 1998 will and its attempted revocation of the 1997 will constituted a breach of the agreement.

2. **Wills— agreement not to revoke or alter—testator's real property**

The trial court erred by concluding that plaintiff daughter-in-law was the fee simple owner of a one-fifth undivided interest in testator's lands conveyed to testator's four surviving children, because: (1) a strict construction of the language of the agreement shows the deeding away of property by testator's attorney-in-fact did not breach the agreement not to revoke or alter testator's 1997 will even though the property constituted the bulk of testator's estate; (2) N.C.G.S. § 32A-14.1(b) allows the attorney-in-fact to make a gift of real property to himself if so authorized in the power of attorney; and (3) N.C.G.S. § 31-5.6 permits the conveyance of property which comprises the estate under a will without revoking or altering that will.

Appeal by defendants from judgment entered 2 August 2000 by Judge James E. Ragan, III in Craven County Superior Court. Heard in the Court of Appeals 18 September 2001.

*Donald J. Dunn for plaintiff-appellee.*

*Henderson, Baxter, Taylor & Gatchel, P.A., by Brian Z. Taylor, for defendants-appellants.*

WALKER, Judge.

Defendants appeal from a summary judgment order which determined the plaintiff's interest in certain property and in the estate of Pagie P. Duncan. On 9 October 1997, Pagie Duncan executed a Last Will and Testament (1997 Will). Article II of the 1997 Will left all of her property, real and personal, in pertinent part as follows:

unto my five children, ERNEST C. DUNCAN, JAMES WILLIAM DUNCAN, II, PATSY DUNCAN PHIPPS, LOUISE DUNCAN MITCHUM, and LAWRENCE C. DUNCAN, JR., in equal shares in fee simple, provided, however, that if . . . my Son, LAWRENCE C. DUNCAN, JR., shall not be living at the time of my death, then and in such an event, I will and devise the share of my estate

which he would have received, had he survived me, unto his Wife, MILDRED H. DUNCAN, absolutely and in fee simple.

Simultaneous to the execution of the 1997 Will, Pagie Duncan entered into an agreement with her five children not to revoke or alter it. The agreement provided:

1. PAGIE PUGH DUNCAN, party of the first part, agrees with the parties of the second part, that she will not at any time destroy, revoke, rescind, alter, or modify the Will executed by her on this 9th day of October, 1997, nor will she execute any codicil to said Will.

2. ERNEST C. DUNCAN, JAMES WILLIAM DUNCAN, II, PATSY DUNCAN PHIPPS, LOUISE DUNCAN MITCHUM and LAWRENCE C. DUNCAN, JR., parties of the second part, have and do hereby covenant and agree among themselves and with the party of the first part that they will not, either acting jointly or individually, file any caveat, or other objection to the probate of the above-mentioned Will of the party of the first part, nor will they make any claim against the estate of said party of the first part, except as provided in said Will.

On 14 December 1997, Lawrence C. Duncan, Jr. died, leaving the plaintiff as his surviving spouse. Later, on 26 June 1998, Pagie Duncan executed a power of attorney naming her son, James William Duncan, II (James) or her daughter, Patsy D. Phipps (Patsy), as her attorney-in-fact. Pagie Duncan authorized her attorney-in-fact to make gifts of her real property "to himself or herself." On the same day, James, acting as Pagie Duncan's attorney-in-fact, executed a deed conveying all of Pagie Duncan's real property to her four surviving children. The deed also recited a consideration of ten dollars and other good and valuable consideration. On 17 November 1998, Pagie Duncan executed another will (1998 Will) revoking the 1997 Will and leaving all real, personal, and mixed property to her four surviving children. On 5 December 1998, Pagie Duncan died and the 1998 Will was admitted to probate.

Plaintiff brought suit against the estate of Pagie Duncan and the four surviving children claiming that she has an undivided one-fifth interest in the estate and in the real property deeded to the children based on the 1997 Will and the contract not to revoke. She also claimed that the defendants exerted undue influence over their mother which resulted in her executing the power of attorney to the

children and her deeding the property on 26 June 1998. The trial court granted summary judgment declaring plaintiff the fee simple owner of a one-fifth undivided interest in the lands deeded on 26 June 1998 and that plaintiff was entitled to a one-fifth interest in the estate of Pagie Duncan.

[1] The first issue before this Court is whether the agreement not to revoke the 1997 Will is enforceable. The agreement provided that Pagie Duncan would "not at any time destroy, revoke, rescind, alter, or modify the Will executed by her on this 9th day of October, 1997, nor will she execute any codicil to said Will." In return, her five children, as beneficiaries under the 1997 Will, agreed that they would not "file any caveat, or other objection to the probate of the [1997] Will of [Pagie Duncan], nor will they make any claim against the estate of [Pagie Duncan], except as provided in said Will."

"[I]n order for a contract to be enforceable it must be supported by consideration." *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). Consideration exists if "the promisee, in return for the promise, . . . refrains from doing anything which he has a right to do." *Id.* at 196, 188 S.E.2d at 345 (*citing Stonestreet v. Oil Co.*, 226 N.C. 261, 37 S.E.2d 676 (1946)). "Forbearance or a promise to forbear the exercise of a legal right is a sufficient consideration for a promise made on account of it . . . . However, forbearance of a right which does not exist, or a promise to refrain from doing that which the promisee cannot legally do, cannot constitute consideration." *Zorbra's Inn, Inc. v. Nationwide Mut. Fire Ins. Co.*, 93 N.C. App. 332, 334, 377 S.E.2d 797, 798-99 (1989). Although the defendants contend the agreement fails for lack of consideration, we conclude otherwise. In return for Pagie Duncan's promise not to revoke or alter her 1997 Will, her children promised to refrain from filing a caveat, objection or claim against the estate. This forbearance in exchange for a promise not to revoke or alter the 1997 Will is sufficient consideration to enforce the agreement.

Therefore, based on the agreement, the interest of the plaintiff was established in the 1997 Will. The later execution of the 1998 Will and its attempted revocation of the 1997 Will constituted a breach of the agreement. Thus, the trial court properly determined that the plaintiff was entitled to a one-fifth interest in the estate.

[2] The trial court concluded that "the Plaintiff is the fee simple owner of a one-fifth (1/5th) undivided interest in the Pagie P. Duncan lands as described in that certain deed dated June 26, 1998." Plaintiff

contends that the deeding of the property on 26 June 1998 constituted a breach of the agreement.

Our Supreme Court has held:

> All wills are by nature ambulatory, and thus their provisions may be changed prior to death by the maker unless by contractual provisions others' rights thereunder become fixed. In other words, a will is revocable only to the extent that the testator has not contracted to make it irrevocable.

*Rape v. Lyerly*, 287 N.C. 601, 618, 215 S.E.2d 737, 748 (1975) (emphasis omitted). While an agreement not to revoke or alter a will is valid and enforceable, it places a restriction on alienation in that a testator is thereafter limited in the disposition of his or her property. Because of this restraint on alienation, an agreement not to revoke or alter a will should be strictly construed. *See* Webster, Jr., James A., *Webster's Real Estate Law in North Carolina 5th Ed.*, § 12-14, 498 (1999). *See also* 17A Am. Jur. 2d 345; Lord, Richard A., *Williston on Contracts* 4th Ed., § 30:9, 104 (1999) (Agreements which place a restraint on legal rights should be strictly construed).

Here, the agreement only precluded Pagie Duncan from revoking or altering her 1997 Will. The agreement did not restrict Pagie Duncan's ability to convey her property by deed after the 1997 Will. "[I]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." *Hagler v. Hagler*, 319 N.C. 287, 294, 354 S.E.2d 228, 234 (1987). Thus, under a strict construction of the language of the agreement, the deeding away of property did not breach the agreement not to revoke or alter the 1997 Will. Furthermore, under N.C. Gen. Stat. § 32A-14.1(b) the attorney-in-fact may make a gift of real property to himself if so authorized in the power of attorney.

Plaintiff also contends that the conveyance of the property by deed to the four surviving children had the effect of revoking her 1997 Will because the real property conveyed constituted the bulk of her estate. Further, the purpose of the agreement would be destroyed if this conveyance is upheld. Plaintiff's argument must be weighed in light of N.C. Gen. Stat. § 31-5.6 which states in pertinent part:

> No conveyance . . . made or done subsequently to the execution of a will of, or relating to, any real or personal estate therein comprised, . . . shall prevent the operation of the will with re-

MOORE v. WOOD

[147 N.C. App. 157 (2001)]

spect to any estate or interest in such real or personal estate as the testator shall have power to dispose of by will at the time of his death.

Clearly, this statute permits the conveyance of property which would comprise the estate under a will without revoking or altering that will. Similarly, the conveyance of real property to Pagie Duncan's children on 26 June 1998 did not have the effect of revoking or altering the 1997 Will.

In summary, the trial court's order is affirmed as to its holding that plaintiff is entitled to a one-fifth interest in the estate of Pagie Duncan. However, the trial court erred in holding that the plaintiff was the fee simple owner of a one-fifth undivided interest in the Pagie Duncan lands conveyed to Ernest Duncan, Patsy Phipps, Louise Mitchum and James Duncan on 26 June 1998. The case is remanded to the trial court for proceedings consistent with this opinion.

Affirmed in part and reversed in part.

Judges MARTIN and TYSON concur.