CYNTHIA BOBBITT GARRETT, Plaintiff v. BETTY J. SMITH GUARDIAN ad Litem for SARAH LYNN SMITH, Defendant

No. COA03-719

(Filed 20 April 2004)

## 1. Appeal and Error— preservation of issues—motion in limine

The admissibility of certain evidence was not preserved for appeal because there was no objection at trial after a motion in limine was not ruled upon. The case was tried before the effective date of the recent amendment to N.C.G.S. § 8C-1, Rule 103 (which allows appeals with no further objection after denial of a motion in limine) and, in any case, the court here did not rule on plaintiff's motion in limine, as required by the statute.

## 2. Evidence— letter from insurance company—settlement— not admission

The trial court correctly excluded from an automobile negligence action a letter from an insurance company regarding settlement of a property damage claim which had been used to dismiss the criminal citation. The letter expressly said that it was merely a settlement and was not an admission of liability.

## 3. Motor Vehicles— sudden stop—rear end collision—directed verdict denied

The evidence was not sufficient to establish negligence as a matter of law in an automobile accident case, and the trial court did not err by denying plaintiff's motion for a directed verdict and J.N.O.V., where defendant was unable to avoid hitting plaintiff's car when plaintiff stopped suddenly ten car lengths from a traffic light after looking in her rear view mirror and making eye contact with defendant. The evidence permitted but did not compel the

conclusion that defendant was not maintaining a proper lookout or following too closely.

Appeal by plaintiff from judgment entered 8 November 2002 and orders entered 10 January 2003 and 14 January 2003 by Judge Alice Stubbs in Wake County District Court. Heard in the Court of Appeals 2 March 2004.

*E. Gregory Stott for plaintiff-appellant.*

*Yates, McLamb & Weyer, L.L.P., by John T. Honeycutt, for defendant-appellee.*

HUNTER, Judge.

Cynthia Bobbitt Garrett ("plaintiff") appeals from an 8 November 2002 judgment entered consistent with a jury verdict finding that plaintiff was not injured by the negligence of Sarah Lynn Smith ("defendant"). Plaintiff further appeals from orders dated 10 January 2003 denying her motions for Judgment Notwithstanding the Verdict ("J.N.O.V") and a new trial, and 14 January 2003 taxing costs against plaintiff. We conclude there was no error.

The evidence presented at trial on 4-5 November 2002, and preserved in the record on appeal to this Court, tends to show the following. Plaintiff testified that on 6 March 2001 she was in an automobile driving southbound on Kildaire Farm Road in Cary, North Carolina. As she approached a traffic light at the intersection of Kildaire Farm Road and Cary Parkway, the vehicles in front of her began to slow down and the traffic light turned red; so plaintiff stopped her car. All of a sudden, a vehicle driven by defendant hit plaintiff's automobile from behind. Plaintiff testified that she was by the Goodberry's store when the accident occurred.

Defendant testified that there was a maroon colored "SUV type" vehicle in between her vehicle and plaintiff's automobile as they approached the intersection. The SUV pulled around plaintiff's vehicle because plaintiff kept stopping and going. Defendant testified that she saw plaintiff look in her rearview mirror, making eye contact with defendant, and then suddenly "slam[] on her brakes." Defendant attempted to stop by applying her brakes but was unable to avoid hitting plaintiff's automobile. She further testified that the Goodberry's store was about ten car lengths from the intersection. Defendant testified on cross-examination that as they approached the intersection,

she was a car length or more behind plaintiff. There were only two cars in front of plaintiff as they came to the intersection, and when plaintiff suddenly came to a stop there were no cars in front of her. Defendant further maintained that there were about ten car lengths between where plaintiff stopped and the intersection.

On 24 May 2001, plaintiff filed a complaint seeking damages based upon defendant's negligence. Defendant submitted an answer to the complaint dated 2 July 2001, denying negligence but not alleging contributory negligence on the part of plaintiff. Plaintiff filed a pre-trial motion *in limine* seeking to exclude any evidence that plaintiff intentionally slammed on her brakes or evidence of contributory negligence. There is no indication in the record that this motion was ever ruled on by the trial court and this testimony was admitted without objection during trial.

. Plaintiff also made an offer of proof regarding a citation defendant received as a result of the accident. In this offer of proof, defendant testified on *voir dire* that when she received the citation from the police officer following the accident, he told her to contact her insurance company to resolve the matter. Defendant's insurance company provided a letter, which defendant gave to the Wake County District Attorney and the citation was dismissed. The letter, preserved in the record on appeal, states that defendant's insurance company would pay for any property damage arising from the accident and would consider any claim for personal injury that was submitted. The letter expressly notes that it was not to serve as an admission of liability or fault, but was a settlement to resolve a disputed claim. The trial court ruled this evidence was inadmissible.

The issues presented are whether: (I) plaintiff's motion *in limine* is sufficient to preserve her objection to testimony that plaintiff looked in the rearview mirror and then slammed on her brakes; (II) evidence of the insurance letter used by defendant to obtain a dismissal of the criminal citation was admissible; (III) there was sufficient evidence to establish defendant's negligence as a matter of law; and (IV) the trial court erred in taxing costs against plaintiff.

## I.

[1] Plaintiff contends that evidence she looked in her rearview mirror, made eye contact with defendant, and then slammed on her brakes is inadmissible evidence that plaintiff negligently contributed to the accident, as defendant did not plead contributory negligence as a defense. Plaintiff sought to exclude this evidence through her

motion *in limine*, but did not object to the submission of this testimony at trial. Furthermore, the trial court's ruling on the motion *in limine* is not included in the record on appeal.

As this Court has previously noted, " 'a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the [movant] fails to further object to the evidence at the time it is offered at trial.' " *Nunnery v. Baucom*, 135 N.C. App. 556, 566, 521 S.E.2d 479, 486 (1999) (citation omitted). Thus, plaintiff has failed to preserve this issue on appeal and we decline to address the merits of this argument.[1]

## II.

**[2]** Plaintiff next argues that the trial court erred in excluding evidence of the letter from defendant's insurance company regarding the settlement of the property damage claim used to dismiss the criminal citation.

Rule 411 of the North Carolina Rules of Evidence provides, with certain exceptions, "[e]vidence that a person was or was not insured against liability is not admissible upon the issue [of] whether [s]he acted negligently or otherwise wrongfully." N.C. Gen. Stat. § 8C-1, Rule 411 (2003). Furthermore, under N.C. Gen. Stat. § 1-540.2:

> In any claim, civil action, or potential civil action which arises out of a motor vehicle collision or accident, settlement of any property damage claim arising from such collision or accident, whether such settlement be made by an individual, a self-insurer, or by an insurance carrier under a policy of insurance, shall not constitute an admission of liability on the part of the person, self-insurer or insurance carrier making such settlement, which arises out of the same motor vehicle collision or accident. It shall be incompetent for any claimant or party plaintiff in the said civil action to offer into evidence, either by oral testimony or paper writing, the fact that a settlement of the property damage claim arising from such collision or accident has been made . . . .

N.C. Gen. Stat. § 1-540.2 (2003).

---

1. We note that the General Assembly amended N.C. Gen. Stat. § 8C-1, Rule 103, effective 1 October 2003, to provide that a motion *in limine*, upon which a trial court has made "a definitive ruling on the record," is sufficient to preserve a claim of error on appeal notwithstanding a party's failure to object to the evidence at the time it is admitted at trial. 2003 N.C. Sess. Laws ch. 101, § 1. The amendment is not applicable to this case because this matter was tried prior to the effective date of the act. Furthermore, the record does not reveal any ruling on the motion *in limine* as would be required by the amended statute.

The letter in this case confirming that defendant's insurance company would pay for property damage expressly stated that it was merely a settlement of a disputed claim and was not an admission of liability or fault. As such, evidence that defendant's insurance company had agreed to settle any claim for property damage arising out of this accident was inadmissible in the subsequent action for personal injury damages as proof that defendant was liable for the accident.

### III.

[3] Plaintiff further contends that the trial court erred in denying her motions for a directed verdict, J.N.O.V, and new trial. Specifically, plaintiff argues that the evidence presented was sufficient to establish defendant's negligence as a matter of law. We disagree.

This Court has recently summarized the law regarding the standard of review in this situation.

> "The test for determining whether a motion for directed verdict is supported by the evidence is identical to that applied when ruling on a motion for judgment notwithstanding the verdict." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002) (quoting *Smith v. Price*, 315 N.C. 523, 340 S.E.2d 408 (1986)). "In ruling on the motion, the trial court must consider the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable inferences to be drawn therefrom and resolving all conflicts in the evidence in his favor." *Id.* (quoting *Taylor v. Walker*, 320 N.C. 729, 733-34, 360 S.E.2d 796, 799 (1987)). "The party moving for judgment notwithstanding the verdict, like the party seeking a directed verdict, bears a heavy burden under North Carolina law." *Id.* (quoting *Taylor*, 320 N.C. at 733, 360 S.E.2d at 799).

*Griffis v. Lazarovich*, 161 N.C. App. 434, 443, 588 S.E.2d 918, 924 (2003). Furthermore, " '[g]enerally, a motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion.' " *Id.* at 443, 588 S.E.2d at 924-25 (quoting *Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000)).

In this case, the evidence viewed in the light most favorable to defendant reveals that despite being more than a car length behind plaintiff and applying her brakes to come to a stop, defendant was unable to avoid hitting plaintiff's car when plaintiff suddenly stopped

ten car lengths from a traffic light and after plaintiff had looked in her rearview mirror making eye contact with defendant.

Although the admission by defendant that her car collided with the rear of plaintiff's vehicle permits a legitimate inference that defendant was not maintaining a proper lookout or was following plaintiff too closely, it does not, however, compel either of those conclusions but instead simply raises the question for the jury's ultimate determination. *See Scher v. Antonucci*, 77 N.C. App. 810, 812, 336 S.E.2d 434, 435 (1985). Thus, even though plaintiff's evidence and defendant's admission that a rear-end collision occurred produced sufficient evidence to raise an inference that defendant was negligent in order for plaintiff's case to reach a jury, we conclude that there is not sufficient evidence to establish defendant's negligence as a matter of law. Thus, the trial court did not err in denying plaintiff's motions for directed verdict and J.N.O.V; nor did the trial court abuse its discretion by denying plaintiff a new trial.

Plaintiff finally contests the taxing of costs against her arguing only that as she is entitled to a new trial based upon her arguments to this Court, the entry of costs should necessarily be vacated. Because, however, we have rejected plaintiff's arguments on appeal, we reject plaintiff's argument on this issue. Accordingly, we conclude there was no error in the trial of this matter.

No error.

Judges WYNN and TYSON concur.