Ruffin, Judge.
 

 There was no evidence of a sale of the cotton to the Defendant, nor of a sale by him, and receipt of the price. The declarations of the Defendant, which the Plaintiff gave in evidence, prove thé contrary. His receipt given the lfth of May shows that it was not then sold. The warrant was sued out on the 5th of June. The intervening time was of itself too short to be left to the jury, as evidence of a sale. It is unnecessary to consider the effect of storing the goods in the Defendant’s name. If it could amount under the circumstances to a conversion, nb Court can entertain jurisdiction of the
 
 assumpsit
 
 to be implied therefrom, but one which could give a remedy directly on the
 
 tort
 
 itself; for the same questions of law arise in each case. This the Justice of the Peace could, not do.
 
 (State
 
 v.
 
 Alexander, 4 Hawks,
 
 182,
 
 Fentress
 
 v.
 
 Worth, ante
 
 229.) The nonsuit Was therefore right.
 

 Another objection is taken here, that there ought not to have been judgment against the Plaintiff for costs, as
 
 *413
 
 lie had been allowed to sue
 
 in forma pauperis.
 
 A per neither recovers nor pays costs, in general. He may, in the discretion of the Court be dispaupered, when he has received an accession of property, or has misbehaved himself, and the effect of this may be retrospective as well as prospective. This Court would not revise the exercise of such discretionary power
 
 •,
 
 but we think, that by an oversight, the judgment for costs lias been given against Ihe Plaintiff, without his having been dis-paupered. The order was made in the County Court, and we cannot consider, that as relates to the costs
 
 in that Court,
 
 the Superior Court intended to dispauper, unless it had been done by a distinct order to that effect. That is the regular method, and makes it appear to have been deliberately done. We cannot infer such an order from the mere fact of a judgment being given for costs. The judgment however was properly rendered for the costs of the Superior
 
 Court;
 
 because the Plaintiff had never been a pauper in that Court. The order of the County Court can only extend to its own officers. They can have no control over the Counsel and officers of another Cour t, superior to themselves, so as to make an order that they shall work for nothing; nor over a suitor, after he ceases
 
 to
 
 be a> suitor before them.
 
 (Gibson
 
 v.
 
 McCarty, Cas. temp. Hardw.
 
 311.) Suppose the Plaintiff had been unable to give security for his appeal to this Court; his only remedy would have been by
 
 certiorari,
 
 granted by this Court upon our own terms. The Superior Court could not have sent him here as a pauper appellant ; nor as I think, as a pauper appellee. This view is supported by the statute of
 
 Henry VIII
 
 itself; which commands the Chancellor to provide Counsel to advise the writ, and the Clerk to write it for the seal, without charge; and also commands the Justices of tiie Bench to which it is returnable, in like manner to provide the party with an attorney and Counsel in that Court. Thus each tribunal is left to act upon its own officers and suit
 
 *414
 
 ors. The reason why the Superior Court could modify ant* discharge the order of the County Court is, that by our appeal, a trial
 
 de novo
 
 is to be had, which brings evefy previous order made in the cause, which has not completely spent its force on the parties, under revision. But until it be reversed directly, we must consider it as remaining in force. There ought not, therefore, to have been judgment for the costs in the County Court. The judgment of the Superior Court must consequently be reversed j and this Court, proceeding to give such judgment as the Superior Court ought to have given, doth consider that the Defendant recover from the Plaintiff his costs in the Superior Court expended, to be taxed by the Clerk of that
 
 Court;
 
 and that the Plaintiff recover liis costs in this Court. This leaves the Defendant to pay his own costs in the County Court, and the Plaintiff, being a pauper in that Court, w'as not liable for his own costs, and could not recover them from the Defendant.
 

 Per. Curiam. — Let the judgment of the Court below be reversed, and judgment for the costs of this Court entered up for the Plaintiff, and of the Superior Court for the Defendant.