MARTHA DRAPER v. J. A. BUXTON & CO.

*Sheriff—Execution—Allegation and Proof—Pauper not entitled to recover costs.*

1. Where, in an action for conversion, it was alleged that the sheriff sold property belonging to the party complaining and not to the defendant in the execution; *Held,* that no recovery can be had against the plaintiff in the execution (the defendant here) where there is no proof that he instructed the sheriff to sell; or that he was present at the sale or ratified it; or that he received any portion of the proceeds.

2. Every material allegation in the complaint must be supported by proper evidence, to enable a plaintiff to maintain his action.

3. One suing *in forma pauperis* is not entitled to recover costs of his witnesses. The Code, §212.

(*Lentz* v. *Chambers,* 5 Ired., 587; *Hall* v. *Younts,* 87 N. C., 285; *Booshee* v. *Surles,* 85 N. C., 90, cited and approved).

Civil Action tried at Spring Term, 1882, of Northampton Superior Court, before *Bennett, J.*

This is an action of trover for the conversion of a lot of cotton, corn and fodder. The jury found the issues in favor of the plaintiff; judgment accordingly; appeal by defendants. The facts are stated in the opinion of this court.

No counsel for plaintiff.
*Mr. R. B. Peebles,* for defendants.

Merrimon, J. The plaintiff sued *in forma pauperis,* and brought the action to recover the value of certain corn, cotton

and fodder, which she alleges belongs to her, and the defendants unlawfully converted it to their own use. The answer of the defendants specifically denies all the allegations in the complaint.

On the trial the court submitted, along with two other appropriate issues, the following: " Did the defendants, by themselves, their agents and officers, wrongfully convert the same (the property in question) to their own use?" The jury responded "yes."

The evidence tended to show that the sheriff of Northampton county, by his deputy, had process in his hands (the exact character of which does not appear, but we must take it to have been a *fieri facias*), in favor of the defendants, and against Benjamin F. Draper, and by virtue of such process sold the property in question.

It appears that the defendants were not at the sale, and it does not appear that they gave the deputy sheriff, or the sheriff, instructions to sell the property, or that they received the money, the proceeds of the sale, or that they in any way ratified the sale thereof, or had anything to do with it. Indeed, the deputy sheriff testified that the defendants did not instruct him to sell the plaintiff's property. The case, settled upon appeal for this court, purports in terms to set forth *all the evidence* produced on the trial.

The defendants prayed the court to instruct the jury that upon the evidence the plaintiff was not entitled to recover. The court declined so to do, and the defendants excepted.

We think the defendants were entitled to the instructions prayed for. Indeed, we are at a loss to conjecture why the court denied the same, in view of the case as it appears to us in the record.

Every issue of fact must be supported by proper evidence, and such in degree of weight as reasonably warrants the jury in finding the same in favor of the party on whom the burden of proving it rests. And in a case like the present, where more than one issue is raised by the pleadings, each one material and

essential to establish the plaintiff's right to recover, must be sustained by such evidence; else, the issue not so sustained must be found against him, and the action fail. The plaintiff must prove every material allegation in his complaint, not admitted by the defendant in his answer, to enable him to recover. It sometimes happens that the same evidence in its scope goes to support all of the issues, and there can be no objection to this; nor does it matter, that the evidence comes from the opposite party; it is sufficient that proper evidence is before the jury. But in such case the evidence must be pertinent to support each issue. There must be evidence, however the same may appear, going to support each issue, and when this is not so, the court ought to instruct the jury that the plaintiff cannot recover.

The jury must not be left to mere conjecture, or remote inference, or inference drawn from improper sources. There must be evidence—proper evidence—pertinent evidence; from what quarter soever it comes, it must be *evidence.*

Now, in this case it was necessary that the plaintiff should introduce evidence, or that there should be evidence, to warrant the jury in finding the issue above set forth in her favor. So far as appears from the record, there was no evidence pertinent to it. The defendants were the plaintiffs in the execution under which the sheriff sold the plaintiff's property mentioned in her complaint. The process did not command the sheriff to sell her property. So far as appears, the defendants did not, by word or act, direct him to sell her property, nor does it appear that they received from the sheriff any part of the proceeds of the sale thereof. If it appeared that they received the proceeds of the sale, then it might be that this would be treated as a ratification of the sheriff's act. In the absence of such evidence, it was in evidence coming from the deputy sheriff that the defendants were not at the sale, and that they did not instruct him to sell the plaintiff's property.

The mere fact that the sheriff sold the property under an execution in favor of the defendants was not evidence, nor was

it a fact from which the jury could infer that the defendants had anything to do with the sale of the plaintiff's property. It was the duty of the sheriff in collecting the money specified in the execution, to sell, if need be, the property of the defendant therein—not that of some other person. That he sold the property of the defendant raises no presumption of fact that the defendant instructed him to do so, or ratified his act. Cooley, on Torts, 127, 128, 129; *Lentz* v. *Chambers*, 5 Ired., 587.

As the plaintiff failed to introduce proper evidence to support the issue, she cannot recover in this action, and the defendants were entitled to the instructions prayed for, and denied by the court.

2. The court gave judgment, that the defendants be taxed with the costs allowed to plaintiff's witnesses, amounting to $14.60. In this there is error. THE CODE, §212, provides that, "whenever any person shall sue as a pauper, no officer shall require of him any fee, *and he shall recover no costs.*"

This provision of the statute, in terms, deprives all officers of costs, and the last clause of it is very sweeping, and manifestly embraces the costs of witnesses. Compensation to witnesses is a part of the cost of an action, as much so as any other statutory charges in and about the same. *Hall* v. *Younts*, 87 N. C., 285; *Boushee* v. *Surles*, 85 N. C., 90.

The case states that the court, in allowing the plaintiff the witness-costs, relied upon *Boushee* v. *Surles, supra.* This was a clear misapprehension of what that case decides, for the Chief-Justice, in that case, after discussing the state of the law prior to the act of 1868–'69, ch. 96, §3, says: "The change in phraseology, we think, was intended to declare that as he (the pauper plaintiff) paid none of the defendant's costs if he failed, so if successful in his action, the defendant should be taxed with none of his costs." In that case, the witness-costs were expressly disallowed.

There is error, and the judgment must be reversed and a new trial awarded. Let this be certified.

Error.                                    *Venire de novo.*