JOHN DALE v. R. K. PRESNELL.

*Practice—Security for Costs—Suit in Forma Pauperis— Discretion of Court—Mortgage on Land as Security for Costs.*

1. Under Section 210 of *The Code* the judge may, in his discretion, require a plaintiff who has been allowed to sue *in forma pauperis* to give security for costs.

2. An order compelling a plaintiff who has sued *in forma pauperis* to choose whether he will give mortgage on land owned by him as security for costs or have his action dismissed is not erroneous, except to the extent that it should be modified so as to permit him to give bond for costs, if he prefers to do so.

CIVIL ACTION, pending in BURKE Superior Court, and heard before *Norwood, J.*, at Fall Term, 1896, on a motion of the defendant to require plaintiff (who had obtained leave to sue *in forma pauperis*) to give security for costs.

His Honor made an order as follows:

"It is ordered that upon the giving of security in the sum of one hundred dollars, to be secured by mortgage upon real estate, the plaintiff be allowed to prosecute this

action. And it is further ordered that unless the said mortgage be duly executed and filed with the clerk of the court by the first day of the next term of this court, conditioned to pay the defendants all such costs as the defendants may recover in this action, then this action shall be dismissed."

*Messrs. Avery & Ervin* and *J. T. Perkins*, for plaintiff (appellant).
*Mr. S. J. Ervin*, for defendant.

FURCHES, J.: This is an action commenced in *forma pauperis*. It is admitted that the affidavit was regular and sufficient in form, and that the clerk of Burke superior court granted the order allowing plaintiff to bring the action *in forma pauperis*. And this is a motion on the part of defendant to require plaintiff to give security for the prosecution or to have the action dismissed. Upon the hearing before *Norwood, J.*, at Fall Term, 1896, of Burke superior court, the plaintiff answered the rule and admitted that he was the owner of two small tracts of land, worth from $120 to $150, a part of which was involved in this action. Whereupon the judge held (as we understand the order, though it is not very clearly expressed) that the plaintiff must file a mortgage on this land to secure the costs, in the penalty of one hundred dollars, or his action would be dismissed. The plaintiff excepted to this order and appealed.

It was argued before us that this is an order compelling the plaintiff to mortgage his land, and the court had no power to do this. If this was the question presented for our determination we would agree with the plaintiff that the court had no such power. But we do not understand this to be the meaning of the order, but that plaintiff's

action would be dismissed unless he gave security or made a mortgage on his land for $100 to secure the costs.

It was also contended that it would be compelling his wife to join in the mortgage, and that the court had no power to do this. And we say again, if this was the question presented for our consideration we would agree with the plaintiff that the court had no power to compel the wife to join in the mortgage. But we see no reason why the court might not have made it a condition that the wife should join in the mortgage or the action would be dismissed. And then she could do so or not, just as she pleased. That would not be making her join in the mortgage. But no such question is presented here. And if the plaintiff has a wife (and it does not appear to us from the record), not a word is said about her joining in the mortgage. And the question of title under the mortgage, if made, is not before us for consideration, but simply whether he *will* make a mortgage or have his action dismissed.

And it appears singular to us that, as long as we have had a statute allowing parties to bring suits and actions *in forma pauperis*, we are not able to find where this question has been presented to the court. We find that where a plaintiff has given a bond for costs which has become insufficient the court has the power to allow him to proceed with his case without giving additional security. *Holder* v. *Jones*, 7 Ired., 191. We also find that where a plaintiff, pending an action brought *in forma pauperis*, assigned his interest in the land which was the subject of the action, the court will require the assignee to give security, or it will withdraw the privilege given to the assignor and dismiss the action. *Davis* v. *Higgins*, 91 N. C., 382. And while neither of these cases is directly in point in this case, they seem to throw some light on the

question. They tend to show that the right to sue as a pauper is a favor granted the plaintiff, and is in the power and discretion of the court. But without the benefit of any judicial construction to aid us, it seems that this must be so.

The general rule (*Code*, Sec. 209) is that bond and security must be given before the clerk is authorized to issue a summons instituting an action. And he is liable to a penalty if he does so without taking bond and security. But in order that there should not be a failure of justice, on account of poverty, Section 210 of *The Code* provides that where a party is not able to secure the costs upon proper application made upon affidavit and proof the judge or clerk *may grant* him the privilege of bringing his action without security. Section 210 is in the nature of an exception to the general rule in Section 209. And in the Revised Code, Ch. 31, Sec. 40, from which Section 209 of *The Code* was taken, it is set forth as an " exception " to the general rule, as a part of the same section.

Then, it being a privilege to be granted or not by the judge or clerk, (and it is expressly stated as a matter of discretion in Chapter 31, Sec. 40 of the Revised Code,) we do not see why it should not remain under the discretion of the judge. This privilege, to be granted at the discretion of the court, was only intended for the benefit of parties who could not give the security. And when he becomes able to do so we see no reason why he should not be put to his election to do so or to have his action dismissed. This is only requiring him to do as other persons have to do under the general rule. It is only taking away from him the benefit of the exception to the general rule that he has been allowed to use. This privilege to sue as a pauper was not intended to encourage speculative litigation, where the plaintiff plays at a game with a chance to

win and nothing to lose.    We fear that it sometimes, and
it may be many times, is used in this way.    And if it is
to be understood that  when an order is once granted the
court has no further control of the matter we fear it would
become a means of oppression instead of a means of pro-
tection to the poor, as it was intended to be. ·

The mortgage of the plaintiff may not be a very great
protection to the defendant.    But the plaintiff is not the
party to complain of that.    He says he owns the land, and
he can make a mortgage conveying what interest he has
to secure the costs.    And if he is not willing to risk what
interest he has in his land to do so he has no right to com-
plain if his action is dismissed.    He ought not to be allowed
to require the time and services of others if he is not will-
ing to risk his property to pay them.

It is stated that a part of this land is involved in this
action.    This he need not include in the mortgage unless
he prefers to do so for convenience of description.    If it
were all involved in this action we would not sustain the
order of the court, for the reason that this security is
required for the benefit of the defendant.    *Smith* v.
*Arthur*, 116 N. C., 871.    And if the plaintiff succeeds in
his action, he pays no costs, but the defendant has it to
pay.    And if he fails, then the land is the defendant's,
and the mortgage could do him no good.    The Court will
never require a vain thing to be done.

The judgment will be modified so as to require the
plaintiff to give bond for the prosecution of his action, or
to make a mortgage on his land for one hundred dollars or
suffer his action to be dismissed.    Thus modified the judg-
ment is affirmed.

                                          Affirmed.