*J. F. WHEDBEE v. J. B. RUFFIN, F. F. TRIPP* AND *S. W. McKEEL.*

(Filed 24 February, 1926.)

**1. Appeal and Error—New Trial—Specific Issues.**

A new trial granted generally on appeal is as to all the issues involved, unless the opinion states only such issues on which the new trial is granted, or to which it shall be confined.

**2. Mortgages—Contracts—Equity of Redemption—Evidence—Appeal and Error—Harmless Error.**

Upon breach by mortgagee of his contract to enable mortgagor to retain title to his equity in the mortgaged premises for a certain and agreed length of time, the controlling question as to damages is the value of the equity at the time it was lost; but where the evidence is that it was the same then as that admitted at a different time, its exclusion is not prejudicial or reversible error.

17—191

**3. Costs—Actions—In Forma Pauperis—Courts—Discretion.**

> In an action brought *in forma pauperis*, it is within the power and discretion of the trial judge at any time during the trial to tax the costs against plaintiff if unsuccessful in his action, the plaintiff's remedy being by motion to retax the costs if so advised.

CIVIL ACTION tried before *Sinclair, J.,* August Term, 1925, of BERTIE.

This case was considered by this Court at the Spring Term, 1925, and is reported in 189 N. C., 257. The facts contained in the present record are substantially the same as set out in said case, and for this reason will not be repeated.

The issues submitted to the jury in the present case and the answers thereto were as follows:

1. Did the defendants enter into a valid contract with the plaintiff, J. F. Whedbee, to keep him in the possession of the land described in the pleadings with retention of his title to his equity in same during the year 1921, as alleged in the pleadings with retention of his title to his equity in same during the year 1921, as alleged in the complaint? A. No.

2. If so, did defendants Ruffin, Tripp and McKeel fail to keep and comply with such contract? A. .......

3. What amount would said lands have sold for on 1 January, 1922, if they had been sold on that date for cash, under the power of sale contained in the mortgage and deed of trust under which they were sold 5 February, 1921? A. .......

4. What would have been the amount of indebtedness secured by said mortgage and deed of trust, including interest, on 1 January, 1922? A. $9,350.00.

5. What damages, if any, is the plaintiff entitled to recover of the defendants, Ruffin, Tripp and McKeel? A. .......

Judgment was entered upon the verdict and the plaintiff appealed.

*Gillam & Davenport for plaintiff.*
*Stanley Winborne, Craig & Pritchett for defendants.*

BROGDEN, J. There are thirty-eight exceptions in the record, and a separate discussion of each is not essential to the determination of the appeal. A group of exceptions involve the question of the meaning or significance of a new trial. The concluding paragraph in the opinion in the former appeal, as will appear in 189 N. C., 262, is as follows: "There must be a new trial in order that the damages which plaintiff is entitled to recover may be ascertained, in accordance with the rule as to measure of damages herein approved. New trial."

The plaintiff insists that the meaning of the language employed by *Connor, J.,* confined the inquiry in the present trial to the single issue of damages and excluded both issues and evidence relating to other aspects of the controversy. The law is to the contrary. The identical question was thus disposed of in *Lumber Co. v. Branch,* 158 N. C., 251, as follows: "This Court, upon application, can grant a general or partial new trial, as it may see fit under all the circumstances; but when a new trial is granted, nothing more being said, it means a new trial of the whole case—of all the issues, and not merely of one of them, or, as in this case, of a part of one." *Huffman v. Ingold,* 181 N. C., 426.

Another group of exceptions challenges the correctness of the ruling of the trial judge in excluding testimony as to the value of the land in controversy on the date of the option in 1920, or the extension thereof 1 January, 1921, and the date of sale 5 February, 1921, and on the date of the trial at the August Term, 1925. The contract disclosed in the record is not a contract to convey land, but to enable plaintiff "to hold title to his equity in the land during the year 1921," and the controlling question would be the value of the equity of redemption at the time it was lost. The exceptions to the exclusion of this evidence become immaterial, however, by reason of the fact that it appears from the record that the valuations of the land thus excluded by the trial court were the same as the estimates given by the witnesses as to value of the land on 1 January, 1922, to wit, $14,000. Therefore, there was no change in the value of the land pending the controversy. It is true the plaintiff would have testified, if permitted, that the land was worth much more than $14,000 at the date of the trial, nearly four years after the alleged breach of contract. This was too remote.

The plaintiff brought a suit as a pauper, and in the final judgment it is decreed "that the plaintiff pay the costs of this action, same to be taxed by the clerk." The plaintiff insists that taxing the costs against him, after having been allowed to sue as a pauper, is error. The right to sue as a pauper is a favor granted by the court and remains throughout the trial in the power and discretion of the court. *Dale v. Presnell,* 119 N. C., 489. While it is true the record does not disclose that any motion was made to require the plaintiff to give security, still the matter of taxing costs is a collateral matter, and, if any injustice has been done to the plaintiff in this respect, he must make a motion as provided by law for the retaxing or proper taxing of costs.

After a diligent examination of all the exceptions we are impelled to hold that the case has been fairly and properly tried and that no reversible error appears upon the record. Let the judgment be

Affirmed.