WINIFRED L. PERRY v. LONNIE WARREN PERRY.

(Filed 25 May, 1949.)

**1. Appeal and Error § 12—**

Appeals *in forma pauperis* are not to be allowed as a subterfuge to permit appellant to escape payment of costs which might be taxed against him, and the trial court should ascertain if the affidavit is made in good faith and whether the facts therein stated are true. G.S. 1-288.

**2. Same—**

On the hearing of an order to show cause why defendant should not be attached for contempt for willful failure to comply with an order that he make monthly subsistence payments to his wife, the court entered an order upon its finding that defendant is earning $300.00 per month, and permitted defendant to appeal from the order *in forma pauperis*. The cause is remanded to the end that the court may determine whether defendant is in fact entitled to appeal *in forma pauperis*.

APPEAL by defendant from *Nimocks, J.,* in Chambers at Fayetteville, 25 February 1949, CUMBERLAND.

Action for subsistence without divorce, heard on rule to show cause why defendant should not be adjudged in contempt.

An order requiring the defendant to make certain monthly payments to plaintiff "so long as the plaintiff shall remain married to the defendant and so long thereafter as the plaintiff shall remain a single person" was duly entered in this action by Bone, J., 30 May 1947.

On 22 January 1949, Nimocks, J., on the unverified petition of counsel for plaintiff, issued his rule to the defendant to appear and show cause why he should not be attached for contempt for a willful failure to make the required subsistence payments. On the return of the rule to show cause, the court below entered its order requiring the defendant to "pay in the Office of the Clerk of the Superior Court of Cumberland County, for the use and benefit of plaintiff herein the sum of $100 per month" beginning 10 March 1949. The defendant appealed and filed his motion to be allowed to perfect his appeal *in forma pauperis*. The motion was allowed.

*Nance & Barrington for plaintiff appellee.*

*Seavy A. Carroll for defendant appellant.*

PER CURIAM. The statutory provision for appeals *in forma pauperis* is to preserve the right of appeal to those who, by reason of their poverty, are unable to make a reasonable deposit or give security for the payment of costs incurred on appeal to this Court. It is not to be used as a subter-

fuge to escape payment of costs which otherwise might be taxed against the appellant.

The court below found as a fact, on admissions made in open court, that defendant is now earning $300 per month. Even so, the defendant made a motion to be allowed to appeal *in forma pauperis,* supported by the statutory affidavit. The court, in allowing the motion, at least impliedly found that the affidavit was made in good faith and that the facts as therein stated are true.

If defendant is earning $300 per month, he is able to make a reasonable deposit to secure the payment of the costs of his appeal. On the question of his ability to make such deposit, the findings of the court on the one hand, and the defendant's affidavit and the order based thereon on the other, are contradictory. This raises a serious question as to whether the affidavit was made in good faith.

In view of this situation, the trial judge should be afforded an opportunity to review the motion and reconsider his order based thereon, to the end that he may determine whether the defendant is in fact entitled to appeal *in forma pauperis.* For that purpose only the cause is

Remanded.