KATRINA LETRESS GRIFFIS, Plaintiff v. PATRICIA JOYCE LAZAROVICH and JOHN
EDWARD LAZAROVICH, and CASSANDRA MICHELLE LEAK, Defendants

No. COA03-181

(Filed 2 December 2003)

**1. Appeal and Error— preservation of issues—motion in limine—failure to object to testimony**

Although plaintiff contends the trial court erred in a negligence case by denying plaintiff's motion in limine seeking to prohibit defendant from testifying concerning her conversations with plaintiff immediately following the parties' car collision, this assignment of error is dismissed because plaintiff failed to object to the admission of the testimony at trial.

**2. Appeal and Error— preservation of issues—failure to make offer of proof**

Although plaintiff contends the trial court erred in a negligence case by refusing to allow plaintiff to rehabilitate her witness chiropractor, this assignment of error is dismissed because plaintiff failed to make an offer of proof indicating the relevance of the question and has therefore waived appellate review.

**3. Evidence— cross-examination—testimony from occupant of vehicle regarding injuries**

The trial court did not abuse its discretion in a negligence case by failing to allow plaintiff to cross-examine one defendant about the injuries she sustained as a result of the car accident in question, because: (1) it cannot be concluded that testimony from one occupant of a vehicle regarding her injuries in an accident would tend to show that another occupant, with a different medical history, threshold for pain, and susceptibility to injury, was also injured to the same degree in the collision; and (2) such evidence would tend to enlarge into importance and give undue influence to a weakly relevant fact that would confuse the jury.

**4. Negligence— requested issues—abuse of discretion standard**

The trial court did not err in a negligence case by allegedly failing to give plaintiff's requested issues, because: (1) the issues submitted to the jury properly reflected the material controversies involved; (2) the trial court did not abuse its discretion by combining the issues; and (3) the issues as presented allowed the jury to render judgment fully determining the cause.

GRIFFIS v. LAZAROVICH

[161 N.C. App. 434 (2003)]

**5. Negligence— requested instructions—no presumption of negligence based on accident**

The trial court did not err in a negligence case by failing to instruct the jury on plaintiff's requested instructions that plaintiff did not have to prove by the greater weight of the evidence who was negligent, but that defendants' joint and concurring negligence was a proximate cause of her injuries, because: (1) the trial court instructed according to the pattern jury instructions; and (2) plaintiff's proposed jury instructions would allow the jury to presume negligence solely based on the fact an accident occurred.

**6. Negligence— requested instructions—medical expenses presumed reasonable**

The trial court did not err in a negligence case by failing to instruct the jury that the amount of plaintiff's medical expenses was presumed reasonable, because any instruction regarding the reasonableness of plaintiff's medical expenses would have been redundant and confusing to the jury when: (1) all parties stipulated to the amount of plaintiff's medical charges and to the reasonableness of the charges; and (2) neither the amount nor reasonableness of plaintiff's medical expenses were an issue.

**7. Negligence— signing and entry of judgment—no presumption based on happening of accident**

Although plaintiff assigns error to the trial court's signing and entry of judgment in a negligence case, this assignment of error is overruled because a defendant's negligence will not be presumed from the mere happening of an accident.

**8. Negligence— motion for judgment notwithstanding the verdict—motion for new trial**

The trial court did not err in a negligence case by denying plaintiff's motion for judgment notwithstanding the verdict and motion for new trial, because: (1) in regard to the motion for judgment notwithstanding the verdict, viewing the evidence in the light most favorable to the nonmoving party indicated that neither defendant was negligent in causing the accident; and (2) plaintiff reasserted her prior assignments of error to show she was entitled to a new trial, and those assignments were either dismissed or overruled, and there was no abuse of discretion.

Appeal by plaintiff from judgment entered 26 July 2002 and order entered 29 August 2002 by Judge Paul G. Gessner in Wake County District Court. Heard in the Court of Appeals 29 October 2003.

*E. Gregory Stott, for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Dayatra T. King, for defendants-appellees Patricia Joyce Lazarovich and John Edward Lazarovich.*

*Hall & Messick, L.L.P., by Jonathan E. Hall and Kathleen M. Millikan, for defendant-appellee Cassandra Michelle Leak.*

TYSON, Judge.

Katrina Letress Griffis ("Griffis") appeals from judgment entered after a jury's verdict and order denying her motion for judgment notwithstanding the verdict and motion for new trial. The jury found that Griffis was not injured by the negligence of Patricia Joyce Lazarovich ("Lazarovich") or Cassandra Michelle Leak ("Leak"). We find no error and affirm the trial court's order denying Griffis's motions.

## I. Background

On 2 December 2000, at approximately 6:00 p.m., Griffis was riding as a "guest passenger" in a vehicle owned and operated by Leak, Griffis's cousin and friend. Both Griffis and Leak testified that Lazarovich negligently drove a vehicle, owned by her husband John Edward Lazarovich, from a stopped position into the side of Leak's vehicle. Lazarovich denied negligence and testified that she was stopped in the median when Leak drove her vehicle into Lazarovich's car. Lazarovich testified that she never took her foot off the brake or accelerated prior to the collision. She described the collision as a "slight impact." The parties pulled over to the curb to allow traffic to pass, which caused the vehicles not to be in the same position when the police arrived as when the accident occurred.

Lazarovich testified, without objection, that both Griffis and Leak exited the vehicle, cursed, and hurled derogatory racial slurs and threats at her after the collision. Two witnesses, who arrived at the scene after the collision, testified and corroborated Lazarovich's testimony regarding the vulgar and derogatory language used by Griffis and Leak. Griffis testified that at no point did she have a conversation with or "say one word" to Lazarovich. Griffis asserted

she remained in Leak's vehicle until the investigative officer arrived on the scene.

Dr. George Case ("Dr. Case"), Griffis's chiropractor, testified that he had examined and treated Griffis. In his opinion, the accident caused Griffis to sprain her lower back, neck, upper back, and rotator cuff.

The jury's verdict found that Griffis's injuries were not caused by the negligence of Lazarovich or Leak. The trial court denied Griffis's motion for judgment notwithstanding the verdict and motion for new trial. Griffis appeals.

## II. Issues

Griffis contends the trial court erred by: (1) denying her motion in limine and allowing Lazarovich to testify concerning communications and interactions between Griffis and Lazarovich immediately following the accident; (2) refusing to allow Dr. Case to be rehabilitated on redirect examination; (3) refusing to allow Leak to testify concerning injuries that Leak sustained as a result of the collision; (4) refusing to submit Griffis's requested five issues and submitting three issues to the jury; (5) refusing to submit Griffis's requested instructions on the issues of negligence, proximate cause, and the plaintiff's burden of proof; (6) refusing to instruct the jury regarding a presumption of reasonableness for Griffis's medical expenses; (7) signing and entering a judgment based on inappropriate and inadequate evidence; and (8) denying Griffis's motion for judgment notwithstanding the verdict and motion for new trial.

## III. Motion in Limine

[1] Griffis argues that the trial court should have granted her motion in limine and prohibited Lazarovich from testifying concerning her conversations with Griffis immediately following the collision. Although Griffis filed a motion in limine, she failed to object to the admission of this testimony at trial.

We have held:

[a]lthough defendant filed and the trial court ruled on the motion in limine, defendant failed to object at trial to the admission of [witness's] testimony. The rule is that a motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the movant fails to further object to that evidence at the time it is offered at trial. Defendant failed to object to this tes-

timony at trial and waived his right to appellate review of the trial court's denial of the motion in limine.

*City of Wilson v. Hawley*, 156 N.C. App. 609, 613, 577 S.E.2d 161, 164 (2003) (internal citations omitted). Griffis failed to object to Lazarovich's testimony at trial regarding her conversations and interactions with Griffis. During Griffis's case-in-chief, her counsel questioned Lazarovich regarding the events following the collision and solicited the testimony she now assigns as error. This assignment of error is dismissed.

## IV.  Rehabilitation of Witness

**[2]** Griffis argues the trial court erred by refusing to allow her to rehabilitate Dr. Case. Dr. Case was duly qualified as an expert in the chiropractic field. During cross-examination, Lazarovich's counsel asked Dr. Case if he had referred Griffis to her attorney. Dr. Case could not remember any referral, but admitted that Griffis's attorney had previously represented him in an action wherein Lazarovich's attorney had represented the defendant. On redirect examination, Griffis's attorney attempted to have Dr. Case identify the defendant in that action. On appeal, Griffis contends that Dr. Case would have testified that Lazarovich's counsel represented an insurance company.

"[A] party must preserve the exclusion of evidence for appellate review by making a specific offer of proof unless the significance of the evidence is ascertainable from the record." *In re Dennis v. Duke Power Co.*, 341 N.C. 91, 102, 459 S.E.2d 707, 714 (1995). Further, evidence of insurance is generally inadmissible as relevant evidence unless offered for some collateral purpose. N.C. Gen. Stat. § 8C-1, Rule 411 (2001); *Carrier v. Starnes*, 120 N.C. App. 513, 516, 463 S.E.2d 393, 395 (1995), *disc. rev. denied*, 342 N.C. 653, 467 S.E.2d 709 (1997).

Griffis argues that Lazarovich's line of questioning was propounded to inform the jury of Dr. Case's potential bias. Griffis contends the trial court should have allowed her to rehabilitate Dr. Case's credibility. Griffis did not make an offer of proof indicating the relevance of the question or that the testimony sought was for purposes allowed under N.C.R. Evid. 411. *See* N.C. Gen. Stat. § 1A-1, Rule 43(c) (2001) ("In an action tried before a jury, if an objection to a question propounded to a witness is sustained by the court, the court on request of the examining attorney shall order a record made of the answer the witness would have given."). Griffis failed to make an

offer of proof and has waived appellate review of this assignment of error. This assignment of error is dismissed.

## V. Evidence of Similar Occurrences

[3] Griffis argues the trial court erred by not allowing her to cross-examine Leak regarding the injuries she sustained as a result of the accident. Griffis contends that Leak's injuries were identical, relevant, and admissible. This Court has held:

> when substantial identity of circumstances and reasonable proximity in time is shown, evidence of similar occurrences or conditions may, in negligence actions, be admitted as relevant to the issue of negligence. Admission of evidence is addressed to the sound discretion of the trial court and may be disturbed on appeal only where an abuse of such discretion is clearly shown.

*Lane v. R.N. Rouse & Co.*, 135 N.C. App. 494, 498, 521 S.E.2d 137, 140 (1999), *disc. rev. denied*, 351 N.C. 357, 542 S.E.2d 212 (2001) (internal citations omitted).

Here, the jury was to determine: (1) whether Lazarovich or Leak was negligent, (2) whether such negligence caused injury to Griffis, and if so, (3) what amount of damages Griffis was entitled to recover. Griffis attempted to compel Leak to testify that she also suffered back and neck pain following the collision. We cannot conclude that testimony from one occupant of a vehicle regarding her injuries in an accident would tend to show that another occupant, with a different medical history, threshold for pain, and susceptibility to injury, was also injured to the same degree in the collision. *See Horr v. Kansas C. E. R. Co.*, 137 S.W. 1010, 1011 (Mo. Ct. App. 1911) ("[T]o . . . show how [other passengers] were affected by their injuries would be evidence not pertaining to the *res gestae* and devoid of any but a remote bearing on the issues . . . . [S]uch evidence would tend to enlarge into importance and . . . give undue influence to, at best, a weakly relevant fact of the slightest evidentiary worth and to confuse the jury . . . ."). Griffis failed to show any abuse of discretion in the trial court's refusal to admit this evidence. This assignment of error is overruled.

## VI. Jury Issues

[4] Griffis argues that the trial court erred and confused the jury by failing to give her requested issues. Griffis requested the court to submit five issues to the jury:

1. Was the negligence of the defendant, Patricia Joyce Lazarovich, a proximate cause of the accident on December 2, 2000?

2. Was the negligence of the defendant, Cassandra Michelle Leak, a proximate cause of the accident on December 2, 2000?

3. Was the plaintiff, Katrina Letress Griffis, injured by the negligence of the defendants, Patricia Joyce Lazarovich and John Edward Lazarovich?

4. Was the plaintiff, Katrina Letress Griffis, injured by the negligence of the defendant, Cassandra Michelle Leak?

5. What amount is the plaintiff, Katrina Letress Griffis, entitled to recover for her personal injuries?

The trial court submitted the following issues:

1. Was the Plaintiff, Katrina Letress Griffis, injured by the negligence of the Defendant, Patricia Joyce Lazarovich?

2. Was the Plaintiff, Katrina Letress Griffis, injured by the negligence of the Defendant, Cassandra Michelle Leak?

3. What amount is the Plaintiff, Katrina Letress Griffis, entitled to recover for personal injuries?

The trial court gave Griffis's last three jury instructions as requested, with the omission of "John Edward Lazarovich."

"It is an elementary principle of law that the trial judge must submit to the jury such issues as are necessary to settle the material controversies raised in the pleadings and supported by the evidence." *Uniform Service v. Bynum International, Inc.*, 304 N.C. 174, 176, 282 S.E.2d 426, 428 (1981). "The number, form and phraseology of the issues lie within the sound discretion of the trial court, and the issues will not be held for error if they are sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause." *Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E.2d 505, 507 (1967). Further, N.C.R. Civ. P. 49(b) provides that "[i]ssues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues." N.C. Gen. Stat. § 1A-1, Rule 49(b) (2001).

Here, the issues submitted to the jury properly reflect the "material controversies" involved in this negligence action. *Uniform Service*, 304 N.C. at 176, 282 S.E.2d at 428. The trial court did not

abuse its discretion by combining the issues. The issues as presented allowed the jury to render judgment fully determining the cause. *Chalmers*, 269 N.C. at 435-36, 152 S.E.2d at 507. This assignment of error is overruled.

## VII. Jury Instructions

### A. Negligence

[5] Griffis contends the court erred by failing to instruct the jury on her requested instructions. "When charging the jury in a civil case, it is the duty of the trial court to explain the law and to apply it to the evidence on the substantial issues of the action." *Adams v. Mills*, 312 N.C. 181, 186, 322 S.E.2d 164, 168 (1984); N.C. Gen. Stat. § 1A-1, Rule 51(a) (2001).

> On appeal, this Court considers a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction.

*Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (internal citations omitted).

Griffis requested the court to instruct the jury that she did not have to prove by the greater weight of the evidence who was negligent, but that the defendants' joint and concurring negligence was a proximate cause of her injuries. The trial court denied Griffis's request and instructed the jury using North Carolina Pattern Jury Instructions as follows:

> The plaintiff not only has the burden of proving negligence, but also has—[sic] but also such negligence was the proximate cause of the injury or damage. . . .

> There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's negligence was the sole proximate cause of the injury. The plaintiff must prove by the greater weight of the evidence only that the defendant's negligence was a proximate cause.

> . . . .

> Finally, . . . if you find by the greater weight of the evidence that either defendant or both were negligent in any one or more of the

ways intended by the plaintiff and that such negligence was a proximate cause of the plaintiff's injuries, then it would be your duty to answer the issues yes . . . .

Griffis's proposed jury instructions would allow the jury to presume negligence solely because an accident occurred. "[A] defendant's negligence will not be presumed from the mere happening of an accident, but, on the contrary, in the absence of evidence on the question, freedom from negligence will be presumed." *Etheridge v. Etheridge*, 222 N.C. 616, 618, 24 S.E.2d 477, 479 (1943); *see also Coakley v. Motor Co.*, 11 N.C. App. 636, 641, 182 S.E.2d 260, 263 (1971), *cert. denied*, 279 N.C. 393, 183 S.E.2d 244 (1971).

The trial court properly instructed the jury on the applicable North Carolina law and was not required to submit Griffis's proposed instructions. Griffis has not met her burden of showing that the jury was misled by the trial court's instructions. *Bass*, 149 N.C. App. at 160, 560 S.E.2d at 847. This assignment of error is overruled.

## B.  Presumptions

[6] Griffis argues the trial court erred by failing to instruct the jury that the amount of her medical expenses was presumed reasonable. N.C.R. Evid. 301 states that the trial court must instruct the jury when a statutory or judicial presumption exists. N.C. Gen. Stat. § 8C-1, Rule 301 (2001). N.C. Gen. Stat. § 8-58.1 (2001) creates a mandatory presumption of reasonableness for a plaintiff's medical expenses if the medical expenses are an issue and evidence is presented showing the total charges.

Here, all parties stipulated to the amount of Griffis's medical charges and to the reasonableness of the charges. Neither the amount nor reasonableness of Griffis's medical expenses were "an issue." N.C. Gen. Stat. § 8-58.1 (2001). Any instruction regarding the reasonableness of Griffis's medical expenses would have been redundant and confusing to the jury. This assignment of error is overruled.

## VIII.  Signing of Judgment

[7] Griffis also assigns error to the trial court's signing and entry of the judgment. An assignment of error concerning the signing and entry of a judgment "presents only the question of whether an error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and

whether the judgment is regular in form." *Green v. Maness*, 69 N.C. App. 403, 407, 316 S.E.2d 911, 913, *disc. rev. denied*, 312 N.C. 622, 323 S.E.2d 922 (1984).

To support this assignment of error, Griffis argues that "somebody had to be negligent" in order for the collision to have occurred. As we previously stated, "a defendant's negligence will not be presumed from the mere happening of an accident . . . ." *Etheridge*, 222 N.C. at 618, 24 S.E.2d at 479. This assignment of error is overruled.

### IX. Motion for Judgment Notwithstanding the Verdict and Motion for New Trial

[8] Griffis assigns as error the trial court's denial of her motions for judgment notwithstanding the verdict and for new trial. We address these assignments of error together. "The test for determining whether a motion for directed verdict is supported by the evidence is identical to that applied when ruling on a motion for judgment notwithstanding the verdict." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002) (quoting *Smith v. Price*, 315 N.C. 523, 340 S.E.2d 408 (1986)). "In ruling on the motion, the trial court must consider the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable inferences to be drawn therefrom and resolving all conflicts in the evidence in his favor." *Id.* (quoting *Taylor v. Walker*, 320 N.C. 729, 733-34, 360 S.E.2d 796, 799 (1987)). "The party moving for judgment notwithstanding the verdict, like the party seeking a directed verdict, bears a heavy burden under North Carolina law." *Id.* (quoting *Taylor*, 320 N.C. at 733, 360 S.E.2d at 799).

Here, Griffis had the burden of proving the negligent acts of the defendants. The evidence tended to show that one of the two drivers could have been negligent, neither Leak nor Lazarovich were negligent, or that both were negligent. Viewing the evidence in the light most favorable to the nonmoving parties indicates that neither Leak nor Lazarovich were negligent in causing the accident. Griffis did not meet her "heavy burden" of proving the negligence of Leak or Lazarovich and, thus, was not entitled to a judgment notwithstanding the verdict. This assignment of error is overruled.

"Generally, a motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion." *Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000). In support of her motion for new

trial, Griffis reasserts the arguments stated in her prior assignments of error. We have either dismissed or overruled Griffis's prior assignments of error and find no abuse of discretion by the trial court. This assignment of error is overruled.

## X. Conclusion

The evidence presented at trial supports the jury's verdict, that neither Lazarovich nor Leak negligently caused Griffis's alleged injuries. In her brief, Leak argues cross-assignments of error to be addressed in the event this Court reverses the trial court's order. Since we affirm the trial court's order, we do not reach Leak's cross-assignments of error.

No error at trial. Affirmed.

Judges McCULLOUGH and BRYANT concur.