KATRINA LETRESS GRIFFIS, PLAINTIFF V. PATRICIA JOYCE LAZAROVICH AND JOHN EDWARD LAZAROVICH, AND CASSANDRA MICHELLE LEAK, DEFENDANTS

No. COA03-823

(Filed 18 May 2004)

## 1. Trials— motion to proceed as pauper—filed after verdict and motion for costs

The trial court did not abuse its discretion by denying plaintiffs' motion to proceed as a pauper where plaintiff filed her motion after a verdict for defendants and after the first defendant filed her motion for costs. A party may not file a motion to proceed as a pauper to escape payment of costs.

GRIFFIS v. LAZAROVICH

[164 N.C. App. 329 (2004)]

**2. Costs— court's discretion—appellate review**

The trial court's discretion in awarding costs is not review-able on appeal where the court specifically stated that costs were taxed in its discretion. Moreover, plaintiff rejected a settlement offer and received a less favourable result at trial, so that Rule 68 required the taxing of costs.

Judge WYNN concurring in part and dissenting in part.

Appeal by plaintiff from orders entered 13 March 2003, 24 March 2003, and 28 April 2003 by Judge Paul G. Gessner Wake County District Court. Heard in the Court of Appeals 2 March 2004.

*E. Gregory Stott, for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Dayatra T. King, for defendants-appellees Patricia Joyce Lazarovich and John Edward Lazarovich.*

*Hall & Messick, L.L.P., by Jonathan E. Hall and Kathleen M. Millikan, for defendant-appellee Cassandra Michelle Leak.*

TYSON, Judge.

Katrina Letress Griffis ("plaintiff") appeals from orders entered denying her motion to proceed *in forma pauperis* and granting Patricia Joyce Lazarovich ("Lazarovich"), John Edward Lazarovich, and Cassandra Michelle Leak's ("Leak") (collectively, "defendants") motions for costs. We affirm.

I. Background

This is the second appeal arising from plaintiff's action for personal injuries sustained as the result of an automobile accident involving a vehicle driven by Lazarovich and a vehicle driven by Leak, in which plaintiff was a passenger. *See Griffis v. Lazarovich,* 161 N.C. App. 434, 588 S.E.2d 918 (2003) *("Griffis I").* In *Griffis I,* we held there was no error in the jury's verdict, the 26 July 2002 judgment entered thereon of no negligence on the part of defendants, and the 29 August 2002 trial court's order denying plaintiff's motions for judgment notwithstanding the verdict and a new trial. *Id.*

On 14 August 2002, Leak filed a motion for costs. Thereafter, on 16 August 2002, plaintiff filed a motion to proceed *in forma pauperis.* On 19 August 2002, Lazarovich and her husband John

Edward Lazarovich (collectively, "the Lazaroviches") also filed a motion for costs. Subsequent to this motion, on 4 September 2002 plaintiff filed an affidavit in support of her motion to proceed *in forma pauperis*. By orders dated 13 March 2003, 24 March 2003, and 28 April 2003, the trial court granted defendants' motions for costs and denied plaintiff's motion to proceed *in forma pauperis*. Plaintiff appeals.

## II. Issues

Plaintiff contends the trial court erred in: (1) denying her motion to proceed *in forma pauperis*; and (2) granting defendants' motions for costs.

## III. Motion to Proceed *In Forma Pauperis*

[1] "The right to sue as a pauper is a favor granted by the court and remains throughout the trial in the power and discretion of the court." *Whedbee v. Ruffin*, 191 N.C. 257, 259, 131 S.E. 653, 654 (1926) (citing *Dale v. Presnell*, 119 N.C. 489, 26 S.E. 27 (1896)). To support an abuse of discretion, plaintiff must show that the trial court's ruling was "manifestly unsupported by reason," or "so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

Plaintiff contends the trial court abused its discretion in denying her motion to proceed *in forma pauperis* under both N.C. Gen. Stat. § 1-288 and N.C. Gen. Stat. § 1-110.

### A. N.C. Gen. Stat. § 1-288

Under N.C. Gen. Stat. § 1-288 (2003), a person seeking to proceed *in forma pauperis* on appeal is required to file an affidavit indicating that he or she is unable by reason of poverty to give the security required by law within thirty days after the entry of the judgment or order. The judgment was entered on 26 July 2002, and plaintiff did not file her affidavit of indigency until 4 September 2002. Plaintiff's affidavit was not filed within thirty days of the entry of judgment. The trial court did not abuse its discretion in denying plaintiff's motion to proceed *in forma pauperis* on appeal pursuant to N.C. Gen. Stat. § 1-288.

### B. N.C. Gen. Stat. § 1-110

N.C. Gen. Stat. § 1-110 (2003) is entitled, "Suit as an indigent" and states,

GRIFFIS v. LAZAROVICH

[164 N.C. App. 329 (2004)]

(a) Subject to the provisions of subsection (b) of this section with respect to prison inmates, any superior or district court judge or clerk of the superior court may authorize a person to sue as an indigent in their respective courts when the person makes affidavit that he or she is unable to advance the required court costs. The clerk of superior court shall authorize a person to sue as an indigent if the person makes the required affidavit and meets one or more of the following criteria:

(1) Receives food stamps.

(2) Receives Work First Family Assistance.

(3) Receives Supplemental Security Income (SSI)

. . . .

This statute is found in Article 9 of the civil procedure chapter and applies to "prosecution bonds."

Here, the trial court made findings of fact, to which plaintiff does not assign as error on appeal. Findings of fact not challenged by an exception or assignment of error are binding on appeal. *Tinkham v. Hall*, 47 N.C. App. 652-53, 267 S.E.2d 588, 590 (1980). The trial court's findings show that plaintiff is a single mother of one child, lives in subsidized housing, and has a present monthly income of $960.00. Her expenses total $716.60, and her only alleged debt are medical bills for unrelated treatment. Plaintiff's affidavit alleges that she receives part of her income from "Welfare, Food Stamps, S/S, Pensions, etc."

While N.C. Gen. Stat. § 1-110 limits the trial court's discretion in ruling on a motion to proceed *in forma pauperis*, no evidence in the record shows and the trial court made no findings of fact that plaintiff receives "food stamps," "Work First Family Assistance," or "Supplemental Security Income" to comply with any of the criteria listed in N.C. Gen. Stat. § 1-110(a). Plaintiff's affidavit does not specify or allege that she receives one or all of these statutorily enumerated factors. Plaintiff's affidavit only indicates that she possibly receives "Welfare, Food Stamps, S/S, Pension, etc." Plaintiff does not argue on appeal that she receives any of these enumerated criteria set forth in the statute to require the court to authorize her to sue as an indigent. The trial court possessed discretion to grant or deny plaintiff's request and to not authorize her to proceed as an indigent.

Our Supreme Court has recognized that a party may not file a motion to proceed *in forma pauperis* "as a subterfuge to escape pay-

GRIFFIS v. LAZAROVICH

[164 N.C. App. 329 (2004)]

ment of costs which otherwise might be taxed against the [party]." *Perry v. Perry*, 230 N.C. 515, 515-16, 53 S.E.2d 457 (1949). Here, the trial court found and the evidence shows plaintiff filed her motion to proceed *in forma pauperis* and affidavit *after* the jury returned a verdict for defendants and *after* Leak had filed her motion for costs. The trial court's order concluded:

> According to North Carolina law, a motion to proceed as an indigent is not to be used as "a mere subterfuge to escape payment of costs which might otherwise be taxed against the [party]." *Perry v. Perry*, 230 N.C. 515, 53 S.E.2d 457 (1949).

We agree with the trial court that the timing of plaintiff's motion tends to show she filed it as a subterfuge.

The dissenting opinion suggests that the timing of plaintiff's motion is not indicative and would hold that there is no time limitation imposed by N.C. Gen. Stat. § 1-110. We disagree. The statute permits the filing of a motion when a plaintiff is "unable to *advance* the required court costs." N.C. Gen. Stat. § 1-110(a) (emphasis supplied). Upon a proper showing, the trial court then has the discretion to "authorize a person *to sue* as an indigent." *Id.* (emphasis supplied). The legislature's use of the words "to sue" and "advance" clearly indicate its intent that a motion to proceed *in forma pauperis* should be filed in "advance" of filing suit. Our State Constitution provides that "all courts shall be open." N.C. Const. art. 1, § 18. N.C. Gen. Stat. § 1-110 furthers this right by allowing access "to sue" in our courts, notwithstanding a party's inability to "advance" court costs.

In her affidavit, plaintiff stated, "to require me to pay court costs and to post a bond with the appellate court would create undue and inappropriate hardship upon me . . . ." Plaintiff's own affidavit clearly shows that she requested the court to declare her indigent to avoid paying court costs *after* the trial and not to be relieved from advancing costs required by the court to initially file her action.

Further, N.C. Gen. Stat. § 1-110 provides that the trial court may relieve plaintiff from advancing the required court costs, but does not relieve a party from ultimate liability to pay costs. *See* N.C. Gen. Stat. § 1-110 (2003). Plaintiff cites no statute or case law to support her notion that filing a motion to proceed *in forma pauperis* relieves her of her ultimate liability for costs. The dissenting opinion cites *Draper v. J.A. Buxton & Co.*, 90 N.C. 182 (1884), and *Clark v. Dupree*, 13 N.C. 411 (1830), as authority to conclude that a pauper is relieved from lia-

bility for costs. These cases, however, involved a distinctly different statute from our current statute that allows parties to proceed *in forma pauperis*. When the Supreme Court handed down its decision in *Draper*, the statute read, "THE CODE, sec. 212, provides that, 'whenever any person shall sue as a pauper, no officer shall require of him any fee, *and he shall recover no costs.*'" *Draper*, 90 N.C. at 185. Our Supreme Court's interpretation over a century ago of a *different* statute is not controlling when our current statute gives no relief from the *payment* of costs. N.C. Gen. Stat. § 1-110 only relieves a pauper from *advancing* costs when filing a suit.

Even if evidence supports a finding that plaintiff should have been authorized to proceed as an indigent, the statute grants relief only for the *advancement* of costs and does not relieve her of the ultimate liability to pay. The trial court did not abuse its discretion in concluding that plaintiff "is not incapable, by reason of poverty, to advance the costs of this proceeding." Plaintiff has not shown that the trial court's ruling was "manifestly unsupported by reason," or "so arbitrary that it could not have been the result of a reasoned decision." *Briley*, 348 N.C. at 547, 501 S.E.2d at 656. This assignment of error is overruled.

### IV. Motions for Costs

**[2]** Plaintiff argues the trial court erred in granting defendants' motions for costs. We disagree.

In her brief, plaintiff "restates and incorporates" her arguments in her first assignment of error, as well as the "arguments made in her brief filed in Case No. COA03-181." This Court has already ruled on No. COA03-181 in *Griffis I*, and we held the trial court did not err and affirmed its denial of plaintiff's motions for judgment notwithstanding the verdict and new trial. Except for plaintiff's restatement and incorporation of earlier arguments, plaintiff has failed to cite any authority for this assignment of error as required by N.C.R. App. P. 28(b)(6) (2003). For these reasons, we have already ruled on plaintiff's arguments regarding this assignment of error, and this assignment of error is dismissed.

The defendants at bar filed separate motions requesting the trial court to tax costs against plaintiff. In *Whedbee*, our Supreme Court ruled on a similar issue, wherein plaintiff had assigned error to the trial court's "taxing the costs against him, after having been allowed to sue as a pauper." 191 N.C. at 259, 131 S.E. at 654. The Court found no error at trial and concluded, "the matter of taxing costs is a col-

lateral matter [to requiring plaintiff to pay a deposit], and, if any injustice has been done to the plaintiff in this respect, he must make a motion as provided by law for the retaxing or proper taxing of costs." *Id.* at 257, 131 S.E. at 655.

Here, plaintiff did not file a separate motion for "the retaxing or proper taxing of costs." *Id.* Her motion to proceed *in forma pauperis* was filed in response to defendants' motions for costs. The trial court did not abuse its discretion in denying this motion. Further, our Supreme Court held in *Whedbee* that the trial court's discretion in granting or denying these motions runs *throughout* the trial. *Id.* at 257, 131 S.E. at 654.

Plaintiff does not argue the trial court abused its discretion in taxing the costs against her. "The awarding of costs to a defendant in a personal injury suit . . . may be allowed in the court's discretion under N.C.G.S. § 6-20 (1986)." *Sterling v. Gil Soucy Trucking, Ltd.*, 146 N.C. App. 173, 180, 552 S.E.2d 674, 679 (2001). "The court's discretion under N.C.G.S. § 6-20 is not reviewable on appeal," where the court specifically states the costs awarded defendants were taxed against plaintiff in the court's discretion. *Id.* Here, the trial court clearly indicated it was taxing costs against plaintiff in its discretion pursuant to N.C. Gen. Stat. § 6-20.

Additionally, the Lazaroviches based their motion for costs on N.C.R. Civ. P. 68 (2003) ("Rule 68"). Rule 68 allows a party to recover costs when that party makes an offer to settle that is rejected by the opposing party. The rule states, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must* pay the costs incurred after the making of the offer." N.C.R. Civ. P. 68(a) (2003) (emphasis supplied). The Lazaroviches filed and served plaintiff with an offer of judgment in the lump sum amount of $500.00. At trial, the jury found that plaintiff was not injured by the negligence of Lazarovich. Rule 68 *required* the trial court to tax plaintiff with the Lazaroviches' costs of proceeding with trial after plaintiff rejected this offer and received a less favorable result at trial. The dissenting opinion fails to address the motions for costs. This assignment of error is overruled.

## V. Conclusion

The trial court did not abuse its discretion in denying plaintiff's motion to proceed *in forma pauperis*, filed following a trial and jury verdict and made in response to Leak's motion for costs. The evidence shows that plaintiff has attempted to use her motion as a "sub-

terfuge to escape payment of costs." *Perry*, 230 N.C. at 515-16, 53 S.E.2d at 547. Our Supreme Court has clearly spoken on this issue and has long recognized that "the right to sue as a pauper is a favor granted the plaintiff, and is in the power and discretion of the Court." *Dale*, 119 N.C. at 491-92, 26 S.E. at 28.

Statutes allowing a party to proceed *in forma pauperis* are a "means of protection to the poor." *Id.* at 493, 26 S.E. at 28. Here, plaintiff has failed to show that the trial court abused its discretion in concluding that she was attempting to use this "means of protection" as a subterfuge to avoid paying costs. *Id.* Plaintiff's appeal is without merit. The orders of the trial court are affirmed.

Affirmed.

Judge HUNTER concurs.

Judge WYNN concurs in part, dissents in part.

WYNN, Judge concurring in part, dissenting in part.

I agree with the majority's conclusion that because Plaintiff failed to timely file an affidavit of indigency, the trial court did not abuse its discretion in denying Plaintiff's motion to proceed *in forma pauperis* on appeal. However, I disagree with the majority's analysis regarding Plaintiff's right to proceed *in forma pauperis* in the proceedings below.

A trial court does not possess unfettered discretion in determining whether a person can sue as an indigent. N.C. Gen. Stat. § 1-110, authorizes an individual to sue as an indigent if the "person makes the required affidavit and meets one or more of the following criteria:

(1) Receives food stamps.

(2) Receives Work First Family Assistance.

(3) Receives Supplemental Security Income (SSI).

(4) Is represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons.

(5) Is represented by private counsel working on the behalf of or under the auspices of a legal services organization under subdivision (4) of this section.

(6) Is seeking to obtain a domestic violence protective order pursuant to G.S. 50B-2."

In instances where an individual does not meet one of these criteria, "a.superior or district court judge or clerk of superior court may authorize a person . . . to sue as an indigent if the person is unable to advance the required court costs." N.C. Gen. Stat. § 1-110(a). Thus, N.C. Gen. Stat. § 1-110 limits the trial court's discretionary authority for determining indigency to those instances where an individual fails to meet one of the six criteria.

In this case, Plaintiff's affidavit of indigency indicates her monthly income was $700.00 plus an additional $260.00 from another source of income, possibly welfare, food stamps, S/S, pension, etc. However, the Administrative Office of the Courts form AOC-CR-226 entitled "Affidavit of Indigency" does not allow a party to specify the nature of the other source of income; it simply states "Other Income (Welfare, Food Stamps, S/S, Pensions, etc.). Nonetheless, the trial court was on notice that one of the six criteria of N.C. Gen. Stat. § 1-110 may have been implicated by this case. However, the trial court's findings of fact and conclusions of law failed to address any of these factors.

Plaintiff's Affidavit of Indigency also indicates her monthly expenses amounted to $716.60 and she owed $4,130.75 in hospital and medical bills unrelated to her claims in this action. Plaintiff also lives in subsidized housing. Accordingly, as Plaintiff appears to be unable to pay the costs of this action, I would remand for a determination of whether Plaintiff met one of the six criteria.

The majority, citing a portion of *Perry v. Perry*, 230 N.C. 515, 515-16, 53 S.E.2d 457 (1949), states our Supreme Court recognized that a party may not file a motion to proceed *in forma pauperis* "as a subterfuge to escape payment of costs which otherwise might be taxed against the [party]." In *Perry*, our Supreme Court opined:

The statutory provision for appeals *in forma pauperis* is to preserve the right of appeal to those who, by reason of their poverty, are unable to make a reasonable deposit or give security for the payment of costs incurred on appeal to this Court. It is not to be used as a subterfuge to escape payment of costs which otherwise might be taxed against the appellant.

*Id.* Thereafter, our Supreme Court considered the party's monthly earnings in that case and remanded for further consideration by the

trial court. Thus, the concern is whether a party truly has an inability to pay the costs of the particular action.

My research does not reveal a case in which the determination of whether a party may proceed *in forma pauperis* pursuant to N.C. Gen. Stat. § 1-110 is conditioned upon when the party files the motion. Moreover, N.C. Gen. Stat. § 1-110, governing suits by indigents, does not provide a time limitation; whereas, appeals by indigents do impose time limitations. *See* N.C. Gen. Stat. § 7A-228(b1) (requiring a person desiring to appeal a magistrate judgment as an indigent to file the appropriate documents within ten days of entry of the judgment); N.C. Gen. Stat. § 1-288 (imposing a 30 day time limit). In my opinion, the absence of a time limitation in N.C.G.S. 1-110, which governs moving to sue as an indigent, and the presence of a time limitation in moving to appeal as an indigent, is an indication that our General Assembly did not intend to limit the time period in which a party could move to sue as an indigent. Indeed, N.C. Const. Art. I, § 18 provides "all courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay." Thus, to limit the filing of a motion to sue as an indigent to a certain time period, could restrict a citizen's constitutional right of access to our courts.

Finally, N.C. Gen. Stat. § 1-110 is silent as to a party's ultimate liability for costs. However, as early as 1884, in construing a prior law governing suits *in forma pauperis*, our Supreme Court stated "the change in phraseology, we think, was intended to declare that as he (the pauper plaintiff) paid none of the defendant's costs if he failed, so if successful in his action, the defendant should be taxed with none of his costs." *Draper v. J.A. Buxton & Co.*, 90 N.C. 182, 185 (1884). As further stated by our Supreme Court, unless he is dispaupered, "a pauper neither recovers nor pays costs, in general." *Clark v. Dupree*, 13 N.C. 411, 413 (1830). Thus, our Supreme Court enjoys a long history of ensuring the poor have access to our courts. Likewise, this Court should follow that history in answering the question of whether a party proceeding *in forma pauperis* can be held liable for the costs of the action.

Finally, I agree with the majority opinion that *Draper* and *Dupree* addressed a different pauper statute. Nonetheless, the majority implicitly recognizes that the current statute is silent about a party's ultimate liability for costs. It is well recognized that the legislature, not this Court, should determine the requirements and implications of

filing a motion to proceed *in forma pauperis*. In the absence of a directive by our legislature, it is appropriate for this Court to rely on policy language from earlier cases of our Supreme Court that provide guidance for our decision-making process.

In sum, the trial court does not have unlimited discretion in determining whether a party may proceed *in forma pauperis*. Rather, our General Assembly in N.C. Gen. Stat. § 1-110 has indicated that if a party meets one of six criteria, the party shall be allowed to proceed *in forma pauperis*. The trial court's discretion is limited to those instances where one of the six criteria is unmet. Moreover, our General Assembly has not imposed a time limitation upon filing a motion to proceed *in forma pauperis*. Accordingly, I dissent.